[Crim. No. 2441. Second Appellate District, Division One.—December 5, 1933.]

THE PEOPLE, Respondent, v. DALLAS EGAN et al., Defendants; HOMER D. ROGERS, Appellant.

Gladys Towles Root and George B. Bush for Appellant.

U. S. Webb, Attorney-General, Frank Richards, Deputy Attorney-General, Buron Fitts, District Attorney, and Frank Stafford, Deputy District Attorney, for Respondent.

THE COURT.—Appellant, with two others, was accused of the crime of murder. Appellant Rogers appealed from the judgment and from an order denying his motion for a new trial. Both the judgment and order were affirmed by

decision filed July 3, 1933 (133 Cal. App. 152 [23 Pac. (2d) 1042]), and *remittitur* was sent down August 3, 1933. On July 31, 1933, pursuant to notice given by appellant, he presented to the superior court a second motion for a new trial, which motion on August 4th was by said court "denied for lack of jurisdiction to entertain or pass upon said motion". It is from this order that defendant Rogers now appeals.

It appears to be certain that appellant had no right to a second motion for a new trial, and that the court was without jurisdiction to grant the same. The fact that the motion was made after pronouncement of judgment is itself an answer to this appeal. "The application for a new trial must be made before judgment, and the order granting or denying the same must be immediately entered by the court in the minutes." (Pen. Code, sec. 1182.) As was said in *People* v. *Paysen,* 123 Cal. App. 396 [11 Pac. (2d) 431], "when the trial court has made its order denying a motion for a new trial 'the right to move for a new trial has thus been exercised and exhausted' ". (Citing numerous cases.)

The order is affirmed.