THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee *v.* JOSÉ MÉNDEZ, Defendant and Appellant.

No. 11989. Argued May 1, 1947.—Decided June 27, 1947.

*E. H. F. Dottie* for appellant. *Luis Negrón Fernández, Attorney General,* and *Joaquín Correa Suárez, Assistant Prosecuting Attorney,* for appellee.

Mr. Chief Justice Travieso delivered the opinion of the Court.

Irma Santiago filed, in the Municipal Court of San Juan, a criminal complaint against José Méndez for abandonment of children, and alleged that the defendant was the natural father of Luz Selenia Santiago, her daughter. After a trial was held, judgment was rendered against the defendant, whereupon he appealed to the district court, which found him guilty, sentenced him to three months in jail, and provided that the sentence would be suspended if the defendant furnished the sum of $20 weekly for the support of his child. Feeling aggrieved by that judgment, the defendant took an appeal to this Court on January 31, 1946. On June 3, 1946,

while the approval of the transcript of evidence was pending, the appellant filed a motion for a new trial in the district court, and alleged that said judgment had been obtained through the perjury and fraud of the complainant, Irma Santiago, and of her foster father Sergio Gálvez Díaz, and as the result of a conspiracy between them and the witnesses Arcilia Vargas de Juarbe, Luz María Rodríguez, Sixto Figueroa Martínez, and Natalio Robles Córdova. The lower court denied the motion for a new trial because "it considered that it lacked jurisdiction, since, once the case was appealed to the Supreme Court, the District Court of San Juan lost its jurisdiction," and, furthermore, because "if the judgment entered were set aside in order to render another one, it would be necessary to hold another trial and the grounds alleged by the defendant to annul the judgment are the same reasons which the statute contemplates for the granting of a new trial, to wit: evidence discovered subsequent to the holding of the trial." From said decision, which denied the motion for a new trial, the defendant has also appealed.

■ We do not deem it necessary to make a summary of the testimony given by the witnesses introduced by the district attorney and by the defense. The evidence, considered as a whole, is conflicting. The lower court decided the conflict by giving full credit to the evidence for the prosecution. As that evidence is sufficient to justify the judgment, and as it was not shown that the trial judge was moved by passion, prejudice, or partiality in weighing the evidence, the error assigned has not been committed. *People* v. *Bernabe*, 63 P.R.R. 385.

■ In the second and third assignments the defendant urges that error was committed, first, in admitting as evidence an instrument which was said to be a deed of purchase of a house, handwritten by a person who did not appear to testify at the trial, the signature on said document having been made by him; and second, in permitting the

comparison of the features of such a small child with those of the defendant, in order to show their resemblance.

At the trial an instrument written by Juan Juarbe was admitted in evidence, which document represented the transaction carried out by Méndez and Arcilia Vargas de Juarbe in the purchase of a house. Said instrument, as was shown by the evidence for the prosecution, was written in the presence of Méndez, Arcilia Vargas, Irma Santiago, and of the witnesses Sixto Figueroa Martínez and Natalio Robles Córdova, who signed it. Sufficient additional evidence was introduced to show the purchase of the house by the defendant in order to donate it to Irma Santiago. This question has already been decided by this Court in the case of *People v. Avilés,* 66 P.R.R. 278, where we held that: "The first error assigned was not committed and as to the second, accepting without deciding, that the court erred in admitting in evidence the alleged letters of the defendant, said error was harmless for there was ample additional evidence which the court believed, that tended to prove the same facts referred to in the letters, that is, the relations existing between the defendant and the complainant and her children."

██ Regarding the second part of this assignment, the defendant-appellant is not right either. The evidence for the prosecution amply showed that the defendant had intimate relations with the mother of the minor since October 6, 1944, and as a consequence of said relations the child Luz Selenia Santiago was born on June 30, 1945, that is, nine months less six days from the date on which said relations started. This evidence was believed by the trial judge, who held that Méndez is the natural father of the above-mentioned child. This being so, the fact that the court permitted the comparison of the features of the girl with those of the defendant to show the resemblance, was not prejudicial to the defendant-appellant, since, as we have said, there was evidence, not merely of the resemblance between the child and the defendant, but that the latter was her natural father and

it was so believed by the court. Moreover, in the case of *People* v. *Pérez*, 55 P.R.R. 655, in which a similar question was considered, we held: "The evidence in regard to the resemblance or non-resemblance between the parent and the child is admissible in proper cases, to be weighed by the trial judge—the court or the jury—as an element to be considered which is not decisive."

■■ As a fifth assignment it is urged by the defendant-appellant that error was committed in sentencing the defendant to furnish the child Luz Selenia Santiago an allowance of $20 weekly for support without having any evidence as to the needs of the minor or as to what would be a reasonable amount required for her support. This contention of the defendant-appellant is not correct. Pursuant to the provisions of § 263 of the Penal Code, 1937 ed., the court is empowered to suspend the sentence under such conditions it may deem convenient to the welfare of the child. In the case at bar, the court sentenced the defendant to three month's in jail, but suspended said sentence under the condition that the defendant provide for his natural daughter Luz Selenia Santiago the sum of $20 weekly. In suspending the sentence under the condition already mentioned, the court did nothing else than exercise its discretion, as authorized by § 263, *supra*. From the transcript of the evidence it appears that Méndez earns a monthly salary of $300; that he owns real property, and in addition has an interest in a hardware store, which shows that the defendant is able to furnish the child with the sum fixed by the court. It has not been shown to us, nor does it appear from the record, that the lower court abused its discretion in fixing the weekly sum of $20, and in the absence of such showing, we consider that it properly exercised its discretionary power. The error assigned has not been committed.

■ In his second appeal the defendant-appellant alleges as an only assignment, that the court erred in denying his motion to set aside the judgment rendered against him.

The defendant-appellant prayed, on June 4, 1946, through the motion for a new trial, that the judgment be set aside and vacated. To this motion there was attached an affidavit of Irma Santiago in which she stated that she had been deflowered on the 6th or 7th of June 1944, by Pedro Rosado Ayala. In addition, there was also attached to that motion a certificate by Dr. Emilio Vadi, dated June 23, 1944, to the effect that Irma Santiago had been deflowered at no recent date. The lower court denied the motion for a new trial because it lacked jurisdiction, as an appeal in the case was pending before this Court since January 30, 1946.

The motion for a new trial does not lie after judgment has been rendered. Section 304 of the Code of Criminal Procedure, 1935 ed., provides:

"The application for a new trial must be made before judgment."

In the instant case, the motion for a new trial was filed three months after judgment had been rendered, when it was too late. The motion was correctly denied. To this effect see *People* v. *Smink*, 288 P. 873; *Bathurst, In Re*, 277 P. 201, *People* v. *Egan*, 27 P. (2d) 765; *The United States of America* v. *William F. Smith, District Judge*, 331 U.S. 469.

The judgment of the lower court should be affirmed.

---

ON MOTION FOR RECONSIDERATION
December 3, 1947

MR. JUSTICE SNYDER delivered the opinion of the Court.

The defendant has moved for reconsideration of our opinion and judgment affirming his conviction for abandonment and failure to support his minor child, *ante*, p. 772. On reconsideration, he raises for the first time two contentions, which may be considered together: (1) the municipal court lacked jurisdiction to try this case; (2) the complaint did not state facts constituting a crime.

The complaint was executed by the mother, Irma Santiago, on *October 10, 1945,* and charged that *"on July 30, 1945* . . . the said defendant then and there, illegally, willfully and maliciously . . . abandoned completely his minor natural daughter named Luz Celenia, whose paternity her father has denied *today* . . .". (Italics ours).

The appellant relies on our cases which hold that mere failure to support a minor illegitimate child is not, standing alone, an offense under Act No. 108, Laws of Puerto Rico, 1940; that a formal demand for support of such a child is a condition precedent to prosecution for violation of Act No.

108; that the cause of action arises out of failure to support after the demand for support; and that the municipal court has no jurisdiction to try a case in which no such demand has been made. *People* v. *Lamboy,* 59 P.R.R. 173; *People* v. *Olavarrieta,* 59 P.R.R. 733; *People* v. *Emanuelli,* 61 P.R.R. 202; *People* v. *Ramos,* 61 P.R.R. 322.

The appellant's argument is extremely technical. It is predicated on the fact that after the complaint alleges that the crime of abandonment was committed on July 30, 1945, it goes on to allege that the denial of paternity was not made until the later date of October 10, 1945, the date of the complaint. He argues that the crime set forth in Act No. 108 could therefore have been committed only after October 10, and consequently that the complaint is fatally defective since it alleges only abandonment on a prior date, July 30, 1945, and not any abandonment after October 10.

The appellant might perhaps have been entitled on demand to a bill of particulars on this point. But he never raised this question in the municipal, district or this Court until he filed the motion for reconsideration. We have held in *People* v. *Emanuelli, supra,* pp. 204–5, that it is not necessary to allege that the formal demand for support was made and that the defendant had denied paternity. Consequently, if the complaint had said nothing about the demand for support or the denial of paternity, and had merely alleged abandonment in July, it would not have been subject to a motion to dismiss for lack of jurisdiction or for failure to state facts constituting a crime. And if at the trial on such a complaint, the proof showed that the abandonment occurred in October rather than in July as alleged in the complaint, the defendant would ordinarily have no ground to complain. See *People* v. *Díaz,* 61 P.R.R. 673.

The fact that here the complaint, executed by a layman, undertook unnecessarily to allege affirmatively that the defendant had denied paternity and in doing so alleged a date later than the alleged date of abandonment should not,

we think, constitute a jurisdictional defect or a failure to allege facts constituting a crime. It would seem to be a matter of common sense in this type of case to construe an allegation that the father had abandoned his child on July 30, 1945, as an allegation that the abandonment had continued until October 10, 1945, the date of the complaint.

Under all the circumstances, we are of the view that the complaint can be fairly construed as alleging that the defendant has failed to support the child *since* July 30, 1945. As thus construed, the complaint stated facts constituting a crime and the municipal court had jurisdiction to try the case.

 In attacking the jurisdiction of the municipal court, the appellant also contends: (1) the record does not show that the hearing on the formal demand for support actually took place, that the defendant failed to appear at the hearing, or that he denied paternity; (2) the complaint does not allege that the minor child was under sixteen years of age. As to (1), as we have seen in the *Emanuelli* case at p. 205, ". . . it is incumbent on the defendant to allege and to prove that the preliminary proceeding did not occur". The defendant made no such allegation or proof. As to (2), we think the allegation that the child is a minor was sufficient. If the child is more than sixteen, which was not true in this case, that is a matter of defense.

██ The defendant in his motion for reconsideration renews the contention, already considered in our original opinion, that the lower court erred in overruling his motion for new trial. The lower court overruled the motion on the ground that it was made while appeal was pending in this court. We upheld that action of the district court in our original opinion. The defendant does not attack that result, and we make it clear once more that a motion for new trial is too late when filed while appeal is pending.

██ However, the defendant now contends that his motion is not a motion for a new trial, but rather is a motion

to set aside the judgment as obtained by after-discovered fraud. Such a motion, he argues, can be considered by the district court, despite the pendency of an appeal here. The defendant relies on *Hazel-Atlas Co.* v. *Hartford Co.*, 322 U.S. 238; *Universal Oil Co.* v. *Root Rfg. Co.*, 328 U. S. 575, 580; and a statement in *United States* v. *Smith,* 331 U. S. 469, 475–6, footnote 4, that "Of course, the federal courts have power to investigate whether a judgment was obtained by fraud and make whatever modification is necessary, *at any time.*" (Italics ours.)

In none of these cases was the attempt made as here to obtain modification of the judgment in a lower court while the case was pending in the appellate court. We believe that in using the phrase "at any time" in the *Smith* case, the Supreme Court meant that modification for fraud could be obtained in a trial court even after affirmance by the appellate court. We do not agree with the defendant that this can be done while the case is here. The district court simply does not have any jurisdiction during the period.[1]

▇ We deny the request of the appellant that this Court determine if the judgment was obtained by after-discovered fraud. If fraud was committed on any court, it was a fraud on the district court. That court is therefore the appropriate place to determine the question. *Hazel-Atlas Co.* v. *Hartford Co., supra,* pp. 247–50.

We believe it appropriate to point out that even if the defendant is able to show that the evidence on which he bases the charge of fraud is newly-discovered,[2] his burden,

---

[1] We do not stop to determine whether this Court has and, if so, on what occasions it should exercise the power to remand a case to the district court, while appeal is pending here and before the appeal is determined, in order that the district court may determine whether there was any fraud on the district court. The defendant made no effort to obtain such action here.

[2] The motion of the plaintiff is predicated on sworn statements made by the mother and her foster father to the *Fiscal* that she had been deflowered in June, 1944 by one Pedro Rosado Ayala, and a medical certificate indicating she was already deflowered in that month. This was in direct contradiction

if he attempts hereafter in the district court to attack this judgment as fraudulent, will be heavy. Mr. Justice Black points out in,the opinion at p. 245–6 that the *Hazel-Atlas* case "is not simply a case of a judgment obtained with the aid of a witness who, on the basis of after-discovered evidence, is believed possibly to have been guilty of perjury. Here . . . we find a deliberately planned and carefully executed scheme to defraud not only the Patent Office but the Circuit Court of Appeals." Cf. Moore and Rogers, Federal Relief from Civil Judgments, 55 Yale L.J. 623, particularly pp. 679–81, 691–92; Restatement, Judgments, §§ 118, 126 (2) (*b*); *Laloma* v. *Fernández,* 61 P.R.R. 550, 553–4, and cases there cited; *Hallett* v. *Slaughter,* 140 P.(2d) 3 (Calif. 1943); *Metzger* v. *Turner,* 158 P.(2d) 701 (Okla. 1945); 31 Calif. L. Rev. 600, 603–4; 54 Yale L.J. 687; Rule 60(*b*), Federal Rules of Civil Procedure as amended, found in 329 U. S. 847, 863–4.

The motion for reconsideration will be denied.

with her testimony at the trial that she was deflowered by the defendant in October, 1944.

Apart from the question as to how material this perjured testimony was to the issue here, the defendant would have to satisfy the district court that it could not have discovered this evidence by a reasonable diligence prior to trial. In this connection, the district court would have to bear in mind that the cross-examination of the mother by the attorney for the defendant at the trial indicated that the attorney then had some information leading him to believe that the mother had been living with Rosado in June, 1944.