[Crim. No. 719. Fourth Dist. Apr. 14, 1949.]

THE PEOPLE, Respondent, v. AUGUST M. WAHRMUND, Appellant.

Elizabeth Cassidy for Appellant.

Fred N. Howser, Attorney General, and Henry A. Dietz, Deputy Attorney General, for Respondent.

MUSSÉLL, J.—Defendant appeals from an order denying his motion to vacate a judgment of conviction of a violation of 476a of the Penal Code.

Defendant was charged by an information with the crime of issuing checks without sufficient funds, in violation of section 476a of the Penal Code, a felony. He waived jury trial, was tried by the court and found guilty. The judgment was pronounced January 27, 1948, and the defendant, showing no legal cause why he should not have judgment pronounced against him, was committed to the state prison. No motion for a new trial was made and no appeal was taken.

On October 22, 1948, defendant filed this motion on the grounds (1) that the conviction was based on hearsay evidence and on the defendant's prior record; (2) that there was no evidence of intent to defraud; (3) that the court disregarded the report of the probation officer; (4) that the court by its comments showed bias against defendant because of his prior record; (5) that the judgment is incomplete in that it does not specify the crime for which defendant was sentenced or the term of imprisonment. It is also stated that the motion is made to permit the trial court to correct errors made in connection with the conviction and sentence of defendant and to prevent a miscarriage of justice and violation of defendant's constitutional rights. In support of his motion defendant filed his own affidavit substantially setting forth the grounds of the motion, and also filed an affidavit and letter

from officers of the Millbrae, California, Branch of the Bank of America stating that since June 1, 1945, the defendant had a commercial account in that bank amounting to the sum of $69.15 and that an attachment was served against the account on that date. The motion was heard and denied by the court on November 1, 1948, and this appeal followed.

Verle LeRoy Loyd, a prosecution witness, testified at the trial of the action that he was a clerk in a grocery store in San Diego where wine and beer were sold; that on September 27, 1947, defendant came into the store and cashed the check described in the information; that the check was payable to ''Cash'' in the amount of $30, was drawn on the Bank of America National Trust & Savings Association, San Diego, California, and dated September 27, 1947; that he saw defendant write out the check at that time and obtain the $30 in cash; that defendant had been in the store about once a week for a period of six weeks in connection with placing orders for Ziegler beer but had not previously cashed checks and that nothing was said by defendant as to his not having an account at the Bank of America in San Diego or as to holding the check; that the check was returned from the bank marked ''No Account''; that defendant left the store after the check was cashed and was not thereafter seen by the witness for four or five weeks when he paid the witness the sum of $30 on the day of his arrest. An assistant cashier of the Bank of America testified that there was no record of an account in the name of the defendant at the San Diego Branch of the bank.

Defendant testified in his own behalf that he had lived in San Diego for two years and as a representative of the Ziegler Brewing Company had called at the store frequently; that he presented the check in question to Mr. Loyd on the date it bears and obtained the full amount in cash; that he went into the store to and did buy a quart of whiskey; that he knew he had no account in the main branch of the Bank of America but thought he was giving a check on the Millbrae Branch where he had a balance of $69; that the last check he gave on his Millbrae account was in 1944 and that he had moved from Millbrae in 1945, coming to San Diego; that he thought Mr. Loyd called him on the phone about the check but was unable to recall the date; that at that time he was in Los Angeles trying to get a cash bond in the sum of $2,500 put up by him with the Ziegler Brewing Company in connection with his employment; that he wrote out the check before going into the

store and did not notice that it was drawn on the Bank of America at San Diego; that he had been convicted of a felony on a charge of issuing a check with insufficient funds in 1916.

The trial court found defendant guilty. An application for probation was made and from the report of the probation officer the court learned that defendant had a long history of misdemeanor theft charges and that in addition to his imprisonment in San Quentin he had served 14 months in the state penitentiary at Folsom. On the basis of this criminal record probation was denied by the court and defendant was sentenced to the state penitentiary.

An examination of the record convinces us: (1) that the conviction was not had upon hearsay evidence; (2) that it was not based on defendant's record; and, (3) that there was sufficient evidence before the court to show an intent on the part of the defendant to defraud. It is apparent that the court did not believe defendant's story as to the circumstances under which the check in question was written. Defendant's testimony that the check was written before entering the store is not reconcilable with that of the clerk; his statement that he purchased a quart of whiskey is at variance with his admission that he obtained the full amount of the check in cash. His statement that he carried around blank checks of the Millbrae Branch of the Bank of America on an account inactive since 1944, his failure to take any steps to pay the check until the day of his arrest some five weeks later, his conviction of a felony and other circumstances all support the court's belief that defendant's story was not true.

· Each of the contentions of defendant could have been urged and considered upon a motion for new trial. (Pen. Code, § 1181.) Defendant, however, made no motion for a new trial nor did he appeal from the judgment. If we treat defendant's motion as an application for a writ of error *coram nobis,* which is the position taken by him on this appeal, we find nothing in the record to authorize the court to grant the relief sought. The general rule is announced in *People* v. *Tuthill,* 32 Cal.2d 819, 822 [198 P.2d 505], where it is said: "It is a general rule that the writ will not be granted for newly discovered evidence going to the merits of the issues tried; issues of fact, once adjudicated, even though incorrectly, cannot be reopened except on motion for new trial. (Citing cases.)"

 The use of the writ is limited to those situations in

which the remedies provided by statute, such as motions for new trial and arrest of judgment, appeal and motion to recall remittitur, are not available and it cannot serve the purpose of bringing before the trial court evidence of a fact that existed at the time of trial. (*People* v. *Knight,* 73 Cal.App.2d 532, 533 [166 P.2d 899].) (See, also, *People* v. *Reid,* 195 Cal. 249 [232 P. 457, 36 A.L.R. 1435].) The writ does not lie to correct errors of law, and is not intended to authorize any court to review or revise its opinions. (*People* v. *Tuthill, supra,* p. 822.)

Defendant contends that the court ignored the report of the probation officer in which that officer stated that defendant did not attempt to defraud anyone and recommended that defendant be sentenced to the county jail. There is no merit in this contention as the report of the probation officer is not evidence and is not binding on the court. ■ Probation is not an absolute right to which the defendant is entitled but is an act of clemency which may be granted. The matter of exercising the power of probation is discretionary with the court. (*People* v. *Jackson,* 89 Cal.App.2d 181, 182 [200 P.2d 204].) ■ The defendant's prior record was such that the court was fully justified in refusing probation and no abuse of discretion is shown.

A careful reading of the transcript discloses that the trial judge was not biased nor prejudiced. On the contrary defendant was given wide latitude in the presentation of his defense and the court's comments on the evidence disclose an entire absence of prejudice or bias.

■ Defendant's contention that the judgment as rendered is incomplete and doesn't specify the crime for which he was sentenced, or the term prescribed by law, is likewise without merit as this is a matter which could have been presented on appeal, being part of the judgment roll.

It is apparent that defendant was regularly tried and convicted and that the evidence is sufficient to support the conviction.

Order affirmed.

Barnard, P. J., and Griffin, J., concurred.