[Crim. No. 4485.   Second Dist., Div. Three.   Oct. 30, 1950.]

THE PEOPLE, Respondent, v. FORREST BRONAUGH, Appellant.

Forrest Bronaugh, in pro. per., for Appellant.

Fred N. Howser, Attorney General, and Stanford D. Herlick, Deputy Attorney General, for Respondent.

SHINN, P. J.—Defendant, Forrest Bronaugh, was convicted of the crimes of forcible rape, and burglary with intent to commit rape. Judgment was entered on November 7, 1946. The present case purports to arise as an appeal from an order denying a petition for writ of error *coram nobis*.

Before discussing the contentions made by defendant, or the nature of his remedy, if any he has, it appears necessary to give a resumé of the procedure in the lower court.

The information was in three counts: Count I charged defendant with the crime of forcible rape; Count II with burglary with intent to commit rape; Count III with assault with a deadly weapon. Defendant entered a plea of not guilty to each count, and a plea of not guilty by reason of insanity. The cause came on for trial on March 5, 1946, at which time Count II was dismissed, and defendant withdrew his insanity plea. After approximately two hours of deliberation, the jury announced its inability to agree and the court declared a mistrial. On March 7, 1946, the retrial was set for April 26th. On April 26th, the district attorney requested a continuance until May 7, 1946. On May 7th, defendant's motion for dismissal under section 1382 of the Penal Code was denied. The second trial took place on May 22d and 23d, 1946, and after one and one-half hours of deliberation, the jury declared its inability to agree and the court again declared a mistrial. The third trial was completed on September 23, 1946, at which time defendant was found guilty as charged. The jury was polled and all answered in the affirmative. Pronouncement of judgment and sentence was set for September 27, 1946.

Evidently on this date application for probation was made by the deputy public defender who requested the matter "go over until your honor returns" (from vacation). On November 7, 1946, defendant's application for probation was denied and he was sentenced for the term prescribed by law, the sentences to run concurrently. No motion for new trial was made and no appeal was taken from the judgment. On November 25, 1949, defendant filed a petition for writ of error *coram nobis* which was argued by the district attorney and a deputy public defender and denied on December 6, 1949, by the court. On February 1, 1950, defendant's notice of appeal from the order denying his petition for writ of error *coram nobis* was filed.

The defendant makes the following assignments of error and irregular procedure: (1) That there was undue delay in taking him before a magistrate; (2) that the court was guilty of error in its arbitrary discharge of the jury and in declaring the mistrials; he contends, in this respect, that he has been subjected to double jeopardy; (3) that he was subjected to unnecessary restraint before conviction; (4) that the testimony of his character witnesses was improperly limited to a certain period; (5) that irrelevant and immaterial testimony by a prosecution witness was admitted and that he was prejudiced thereby; (6) that his attorney should not have been permitted to withdraw; that a substitution of deputy public defenders should not have been permitted; that he was prejudiced by a substitution of judges in that the same judge was not present when judgment was pronounced and sentence imposed; (7) that his bail should not have been set at the excessively high sum of $10,000.

If this proceeding is considered as an appeal from the denial of the writ of error *coram nobis*, and the time element in filing the notice of appeal is disregarded (order of denial was made December 6, 1949, notice of appeal filed February 1, 1950), the defendant has still failed to bring himself within the rules circumscribing the issuance of the writ. ▪ In other words, he has not proved that facts existed which could not in the exercise of due diligence have been proved at the trial, and which, if known then, would have precluded the judgment from being entered. (*People* v. *Shorts,* 32 Cal.2d 502-508 [197 P.2d 330]; *People* v. *Gilbert,* 25 Cal.2d 422 [154 P.2d 657].) All the matters set forth were known to the defendant at the time of trial and should have been raised on motion for new trial or an appeal from the judgment, or both.

Defendant makes three further contentions which will be discussed under the assumption that this proceeding may be considered as a petition for a writ of habeas corpus: ■ (1) He contends that he was illegally confined by reason of delay in pronouncing judgment (Pen. Code, § 1191) so that application for probation might be made. It would appear that he might have raised this point by petition for a writ of habeas corpus (*People* v. *Chan Chaun,* 41 Cal.App.2d 586, 594 [107 P.2d 455]), if the delay had not been caused by the application for probation made by defendant's attorney, a deputy public defender; (2) he contends that he was not afforded the speedy trial guaranteed to him by the Constitution (art. I, § 13) of the State of California and section 1382 of the Penal Code, in that more than 60 days elapsed between the declaration of the second mistrial and the third trial at which he was found guilty. He states that a continuance was granted on April 26, 1946, upon the statement of the district attorney to the court that two of the prosecution's witnesses were in the hospital and would be unable to appear at the trial. At the request of the district attorney, the cause was continued until May 7th, at which time defendant's motion for dismissal was denied. ■ This contention might have merit. (*In re Begerow,* 133 Cal. 349 [65 P. 828, 85 Am.St.Rep. 178, 56 L.R.A. 513]), if defendant himself had not stated in his brief, and alleged in an affidavit attached thereto, facts which constituted cause for a continuance as provided for in section 1383, Penal Code. That section reads, in part, as follows: "If the defendant is not charged or tried, as provided in the last section, and sufficient reason therefor is shown, the court may order the action to be continued from time to time. . . . " ■ An application for a continuance is addressed to the trial court's discretion and its ruling will not be reviewed except for the most cogent reasons. (*People* v. *Gaines,* 1 Cal.2d 110 [34 P.2d 146] ; *People* v. *Fitzgerald,* 14 Cal.App. 2d 180 [58 P.2d 718]) ; (3) the final contention made by defendant is that he was convicted on perjured testimony. ■ Habeas corpus may not serve as a substitute for an appeal. (*In re Lindley,* 29 Cal.2d 709 [177 P.2d 918].) **[6]** Under the rule of *In re Mooney,* 10 Cal.2d 1, 15 [73 P.2d 554], defendant must allege facts which, if proved to be true, would support a conclusion that the prosecution knowingly permitted the introduction of perjured testimony. The allegations made here by defendant show merely that testimony given at the

trial by a prosecution witness was contradicted by him. This same point was raised in *In re Manchester*, 33 Cal.2d 740 [204 P.2d 881], where it was held that defendant must set forth not only the facts which he contends prove perjury on the part of the witness, and knowledge thereof on the part of the prosecution, but that it must also be shown that those facts existed independently of the contradictions appearing at the trial; that the facts alleged must also indicate that the defendant had no opportunity to present the alleged true matter on the trial—that is, that there was such suppression of the truth by the authorities as prevented his discovery and use thereof at the trial. The court added that if this were not the rule, a defendant on trial could himself suppress the facts and reserve a case for his later release.

The order appealed from is affirmed. The writ is denied.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied November 14, 1950.