[Crim. No. 2714. First Dist., Div. One. June 27, 1951.]

THE PEOPLE, Respondent, v. LUTHER E. COFFMAN, Appellant.

Luther E. Coffman, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Clarence A. Linn, Deputy Attorney General, for Respondent.

BRAY, J.—Petitioner, a prisoner at Folsom, petitioned the superior court for a writ of mandamus, writ of error *coram nobis*, writ of habeas corpus or for a new trial. The court, by order, denied the petition. Petitioner appeals.

### RECORD

Petitioner, before the trial court and here, appeared in propria persona. On June 23, 1944, petitioner was indicted under an indictment containing three counts. The first count accused him and John Doe jointly with the murder of James B. Stanley on June 10, 1944, at San Francisco. The second count charged defendant alone with the murder of the same person at the same time and place. The third count charged John Doe alone with the same offense. On October 5, 1944, petitioner was arraigned in the presence of his attorney, the assistant public defender. At the latter's request the cause was twice continued to plead. On October 18, defendant in

the presence of his attorney pleaded not guilty. It was then continued to be set. On October 25, defendant and his attorney being present, the case was set for trial for December 7. It was then continued to January 11, 1945, for trial. Defendant being present with his attorney, the district attorney with leave of court, filed an amended indictment. The only change in the indictment was the setting up of a prior conviction of manslaughter in Oklahoma in 1940. Defendant was arraigned and pleaded not guilty to counts 1 and 2. (It does not appear that he then pleaded to the prior.) By consent, the cause was set for trial for January 15. On that day petitioner appeared with his counsel and admitted the prior. He requested, and was granted permission, to change his plea, and pleaded guilty to counts 1 and 2. The court determined the degree to be first degree. Defendant waived time and asked immediate sentence. He was then asked "if he had any legal cause to show why judgment should not be pronounced against him; to which defendant replied that he had none." The court then sentenced him to imprisonment for the term of life on each count, the sentences to run concurrently.

June 14, 1950, over five years after being sentenced, petitioner filed in the San Francisco Superior Court a petition for mandamus to compel the People of the State of California, the District Attorney of San Francisco and others, to settle petitioner's "petition for the writ of error coram nobis and alternative writ of habeas corpus, or a new trial." Apparently what petitioner wants is a review of his conviction, and particularly a new trial, regardless of what, if any, writs or remedies apply.

## CONTENTIONS

It is very difficult to determine from a study of the petition and points and authorities in the trial court and here, just what petitioner is contending other than that "he wants out."

1. He refers to section 865 of the Penal Code which provides that witnesses must be examined in the presence of a defendant. It is not clear to what this is directed. There is some intimation that perhaps the court failed to take evidence on the degree of the crime. The record states: "Thereupon the Court determines the degree to be first degree, The Defendant, waiving time, asked immediate judgment of the Court." Assuming, but not deciding, that the court failed to take such evidence and that defendant did not waive such requirement, its failure to do so was reviewable upon appeal

and hence *coram nobis* is not available to defendant. ''The writ of error *coram nobis* never issues to correct an error of law, nor to redress an irregularity occurring at the trial that could be corrected on motion for new trial or by appeal.'' (*People* v. *Martinez*, 88 Cal.App.2d 767, 771 [199 P.2d 375].)

 2. He contends that he was not arraigned, given a copy of the indictment or transcript of the testimony before the grand jury. The record shows that he was arraigned. So far as not getting a copy of the transcript is concerned, the record seems to be silent on the subject. Section 925 of the Penal Code which provides the time within which he shall receive such copy provides that if a defendant does not receive it the court *on motion* of the defendant shall continue the trial until he does get it. If petitioner did not waive his right to be given a copy by pleading guilty he waived it by doing nothing about it for over five years. Again, this is a matter which could have been raised on appeal.

 3. Apparently defendant contends that the indictment must charge the degree of murder. There is no such requirement.

 4. He makes a number of broad contentions without specifying any detail. Thus he states that the court erred in allowing the arresting officer to testify and in admitting his deposition. We do not know what he means by this. As petitioner pleaded guilty no evidence was taken, other than, perhaps, on the degree. If for that purpose the court considered the officer's testimony before the grand jury (we assume that is what petitioner means by ''deposition'') no objection was made to this; and again, if error, it could have been considered on appeal. He contends that his attorney failed to give effective and substantial legal assistance, but does not specify in what particular. Apparently, for a period of five years he was satisfied with his counsel. (See discussion under (6).)

5. He raises a number of completely baseless claims. (a) That he was denied a jury trial. He pleaded guilty and hence he waived a trial, jury or otherwise. (b) He contends that the coroner did not charge him with murder or impanel a coroner's jury. There is no requirement that the coroner do either. (c) The grand jury did not specify the degree of murder. The law does not require it to do so. (d) It considered illegal and hearsay evidence. In what respect does not appear. If it did, petitioner by not

168

moving to set aside the indictment is precluded from raising this objection. (Pen. Code, § 996.)

██ 6. He contends that charging three counts of murder on one homicide in one indictment was improper. As pleading there can be no objection to this procedure. ██ However, a different situation arises in connection with his conviction. He is in the absurd situation of being twice convicted of the same homicide. It is true that he pleaded guilty to both counts, and that his sentence runs concurrently. Nevertheless, the court, as well as the district attorney and petitioner's attorney, should have realized the situation. Fortunately, the practical effect of such double conviction is nil. His sentence being concurrent is for but one term. Undoubtedly, the Adult Authority in considering his case will disregard the second conviction. If it does not do so, petitioner on application to the courts will be entitled to relief requiring it to do so. As the face of the record shows that the two convictions were for the identical offense, petitioner must be considered for all purposes as having suffered but one conviction.

It should be pointed out, in connection with all of petitioner's contentions save that of double conviction, petitioner makes no contention that he is not guilty, nor does he state any facts showing that his plea of guilty was not freely and voluntarily made. Nor does petitioner set forth any reason for waiting five years before complaining. ██ "The courts of this state require that a showing of diligence be made in the application for a writ of error *coram nobis*. (27 Cal.L. Rev. 232.)" (*People* v. *Egan*, 73 Cal.App.2d 894, 900 [167 P.2d 766]; see, also, *People* v. *Coyle*, 88 Cal.App.2d 967, 975 [200 P.2d 546], and *People* v. *Collins*, 97 Cal.App.2d 552, 556 [218 P.2d 87].)

### Habeas Corpus and New Trial

██ ██ Considering the petition as one for habeas corpus, it, as said in *People* v. *Dunlop*, 102 Cal.App.2d 314, 318 [227 P.2d 281], is "hopeless" for two reasons: (1) "Appeal from a decision of a superior court on habeas corpus has not been authorized" (*idem*, p. 318) and (2) the trial court had no jurisdiction to entertain a petition for habeas corpus from him, as petitioner is a resident of Sacramento to whose superior court he as a prisoner of the state must present his petition for such a writ. (*Idem*, p. 318.) ██ Obviously, petitioner never having requested a new

trial before sentence is not entitled to one now. "The application for a new trial must be made before judgment . . ." (Pen. Code, § 1182; *People* v. *Egan,* 135 Cal.App. 561 [27 P.2d 765].)

The order is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied July 5, 1951, and appellant's petition for a hearing by the Supreme Court was denied July 26, 1951.