[Crim. No. 4675.   Second Dist., Div. One.   Oct. 16, 1951.]

THE PEOPLE, Respondent, v. EDWARD JOHNSON et al.,
Defendants; WILLIAM COMER, Appellant.

William Comer, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Stanford D.
Herlick, Deputy Attorney General, for Respondent.

DRAPEAU, J.—Defendant pleaded guilty to robbery. The
superior court found the crime to be of the first degree.
Defendant's application for probation was denied, and he
was sentenced to the state prison.

Defendant appeals, in propria persona, and urges two

grounds for reversal of the judgment: First, that the degree of the crime was determined before the court reviewed the report of the probation officer; and, secondly, that it was error to deny his application for probation, contrary to the recommendation of the probation officer that probation be granted.

After defendant's plea was entered, his counsel stipulated that he was armed with a gun at the time of the commission of the offense, but that it was uncertain whether the gun was loaded or unloaded. Thereupon, the court found defendant's crime was robbery of the first degree, and that he was in possession of a dangerous, rather than a deadly weapon. (Pen. Code, § 211a.) Presumably this finding was made to enable the court, if it should desire to do so, to grant probation. Penal Code, section 1203, forbids probation when a *deadly* weapon was used in the commission of the crime. No abuse of discretion in fixing the degree of the crime appears in these circumstances. (*People* v. *Gilbert,* 22 Cal. 2d 522 [140 P.2d 9].)

Referring to the denial of defendant's application for probation: Penal Code, section 1203, provides that the court must hear an application for probation, and consider the report of the probation officer; and that the court shall have power "in its discretion" to grant or to deny probation. The report of the probation officer is not, however, binding upon the court. (*People* v. *Wahrmund,* 91 Cal.App.2d 258 [206 P.2d 56].) Nothing in the record indicates any abuse of discretion in denying defendant's application for probation.

Apparently defendant's theory is that when it was found that he was armed with a dangerous, not a deadly, weapon, the trial court was required to grant him probation. This is not the law. Granting or denying probation in such circumstances is within the court's discretion. (*People* v. *Raner,* 86 Cal.App.2d 107 [194 P.2d 37] ; *People* v. *Wiley,* 33 Cal.App.2d 424 [91 P.2d 907].)

Probation is not a matter of right. (*People* v. *Roach,* 139 Cal.App. 384 [33 P.2d 895].) The mere fact that an application for probation is denied is not a ground for reversal of the judgment. (*People* v. *Wahrmund, supra.*)

The judgment is affirmed.

White, P. J., and Doran, J., concurred.