[Crim. No. 2833. First Dist., Div. One. May 25, 1953.]

THE PEOPLE, Respondent, v. ROY MARTINELLI,
Appellant.

Joseph L. Bortin for Appellant.

Edmund G. Brown, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

PETERS, P. J.—Defendant was charged with robbery, and with one prior conviction of robbery. He admitted the prior, and was found guilty by a jury of second degree robbery. He was sentenced to the state prison on January 24, 1951. No appeal was taken from that judgment. On February 13, 1952, he filed in the superior court in propria persona a notice of motion to annul, vacate and set aside the judgment, a petition for a writ of error *coram nobis,* and a motion for a court order for permission to appear at the hearing. These applications were denied February 21, 1952. Defendant appeals from the order "denying the Motion to Annul, Vacate and Set-Aside the judgment as petitioned for in his petition for a Writ of Error Coram Nobis." At de-

fendant's request, counsel has been appointed to represent him on this appeal.

In the petition filed in the lower court petitioner urged that the judgment was erroneous because of the insufficiency of the evidence, that over 60 days were allowed to elapse between the filing of the information and trial, and that he was furnished incompetent and inadequate legal assistance at his trial.

■ So far as the claimed insufficiency of the evidence is concerned, such problem cannot be passed upon in this proceeding. ■ Judicial error that could have been corrected upon a motion for a new trial or upon an appeal from the judgment is not subject to review upon a writ of error *coram nobis.* (*People* v. *Maringer,* 101 Cal.App.2d 586 [225 P.2d 656]; *People* v. *Wahrmund,* 91 Cal.App.2d 258 [206 P.2d 56]; *People* v. *Pryor,* 87 Cal.App.2d 352 [196 P.2d 948]; *People* v. *Ward,* 96 Cal.App.2d 629 [216 P.2d 114]; *People* v. *Coffman,* 105 Cal.App.2d 164 [233 P.2d 117]; *People* v. *Chapman,* 106 Cal.App.2d 51 [234 P.2d 716]; *People* v. *Gilbert,* 25 Cal.2d 422 [154 P.2d 657]; *People* v. *Adamson,* 34 Cal.2d 320 [210 P.2d 13].) The writ "is not a catch-all by which those convicted may litigate and relitigate the propriety of their convictions *ad infinitum.*" (*People* v. *Martinez,* 88 Cal.App.2d 767, 774 [199 P.2d 375].)

■ So far as the claimed error in granting continuances is concerned, appellant failed to furnish this court a record to show that he had failed to consent to such continuances. At the oral argument, such supplemental record was ordered prepared and filed. It shows, contrary to the averments of petitioner, that most of the continuances were granted with consent. The information was filed October 13, 1950, and the cause was tried on January 22, 1951. That is, of course, beyond the 60 days provided for by section 1382 of the Penal Code. The record shows that defendant was arraigned October 18, 1950; that with "consent" the cause was continued to October 23, 1950, to plead; that on that date appellant admitted the prior, pleaded not guilty to the offense charged, and with "consent" the cause was continued for trial until November 14, 1950; that on that date by "consent" it was continued to November 29, 1950; that on that date by "consent" it was continued to December 18, 1950; that on that date the defendant refused to consent to a further continuance, whereupon the court ordered the statutory time to commence to run as of that date, but with consent of counsel the cause was con-

tinued to January 9, 1951; that on that date a motion to dismiss was denied, and without consent of appellant the cause was continued to January 12, 1951; that on that date another motion to dismiss was denied, and with consent of counsel, but without consent of appellant, the cause was continued to January 15, 1951; that on that date, without appellant's consent but with consent of counsel, the cause was continued to January 17, 1951, and similarly continued on that date to January 24, 1951, but was subsequently advanced to January 22, 1951. Thus the record shows that continuances, with consent of appellant's counsel and without objection from appellant, were granted until December 18, 1951. The cause was brought to trial within 35 days thereafter. Thus compliance was had with the provisions of section 1382 of the Penal Code. (See cases collected 8 Cal.Jur. p. 207, § 279.) It should be mentioned that appellant filed a petition for habeas corpus in this court on January 16, 1951, contending that his detention was illegal because in excess of the 60-day period. Such petition was denied, without opinion.

Even if the provisions of section 1382 of the Penal Code had been violated, it is very doubtful if such point can be raised on a writ of error *coram nobis*. Obviously, if error existed, appellant knew it at the trial and hence he could have raised the point on a motion for a new trial and upon appeal. (*People* v. *Bronaugh*, 100 Cal.App.2d 220 [223 P.2d 256].) It would seem to be too late to raise it now.

Neither the question of the sufficiency of the evidence nor the point in reference to the continuances is raised by counsel appointed by the court to represent appellant on this appeal. Such counsel raises but one point, namely, that appellant was deprived of his constitutional rights in that the assistant public defender inadequately represented him at the trial and refused to consult with him in the preparation of his defense. The claimed inadequate representation revolves partly around the contention that the assistant public defender erroneously informed the court that the continuances from October 23, 1950, to December 18, 1950, were with consent. The record supports the admission of counsel. It shows that the continuances granted on October 23, 1950, November 14, 1950, and November 29, 1950, which resulted in the continuance to December 18, 1950, were all with "consent of respective counsel." Appellant for the first time refused his consent on December 18, 1950. This record could, of course, be

judicially noticed by the trial court. Thus, these averments of the petition are refuted by the record itself.

The appellant does charge that "Not once did petitioner's counsel [the assistant public defender] come near him while in the jail to discuss the case nor to prepare a defense, even though the accused requested it many times." This allegation stands uncontradicted, the assistant public defender not having been required to file, nor voluntarily filing, a counteraffidavit. Undoubtedly, such a counteraffidavit should have been filed. ■ But the trial court was not required to believe even this uncontradicted affidavit. (*People* v. *Chapman,* 106 Cal.App.2d 51 [234 P.2d 716] ; *People* v. *Adamson,* 34 Cal.2d 320 [210 P.2d 13].) The judge who passed on the petition was the same judge who tried the case. He knew whether appellant had had adequate representation at the trial.

■ Moreover, inasmuch as the failure to consult with appellant, if it be a fact, is a fact that was known to appellant at the time of trial, and could have been urged on a motion for new trial, it is extremely doubtful whether such point can now be raised on a petition for a writ of error *coram nobis.* (*People* v. *Bronaugh,* 100 Cal.App.2d 220 [223 P.2d 256].) In *People* v. *Sorensen,* 111 Cal.App.2d 404 [244 P.2d 734], it was held that the contentions that the court appointed counsel failed to make investigations, call witnesses, improperly waived a jury trial, and improperly consented to excluding the public from the trial, could not be raised on *coram nobis* but should be raised, if at all, on habeas corpus. This is not a mere technical distinction. This is not a case where the appellant has simply misnamed his writ. Appellant is in Folsom Prison, which is not within the habeas corpus jurisdiction of this court. (*People* v. *Coffman,* 105 Cal.App.2d 164 [233 P.2d 117].) Therefore, the point cannot now be considered.

The order appealed from is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.