Filed 2/18/16  P. v. McLaughlin CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>LARRY DEAN MCLAUGHLIN, JR.,<br><br>    Defendant and Appellant. | F069501<br><br>(Super. Ct. No. F12909327)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Alvin M. Harrell, III, Judge.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Wanda Hill Rouzan, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Gomes, Acting P.J., Franson, J. and Peña, J.

## INTRODUCTION

On January 7, 2014, defendant Larry Dean McLaughlin, Jr., pled no contest to one count of assault with a deadly weapon (Pen. Code[1], § 245, subd. (a)(1)), and admitted special allegations that he used a deadly weapon and caused great bodily injury to the victim. On April 22, 2014, the trial court denied probation and sentenced defendant to an aggregate term of six years in prison: two years for the assault, three years for the great bodily injury enhancement, and one year for the deadly weapon enhancement.

On appeal, defendant argues (1) the trial court abused its discretion by denying defendant probation, and (2) the trial court erred by imposing the one-year enhancement for use of a deadly weapon. We strike the one-year enhancement, and affirm the judgment in all other respects.

## FACTS[2]

On November 6, 2012, Michael Montanez was riding his bicycle alongside the road when he heard the sound of released compressed air and felt a projectile strike him in the back. Believing he had been shot by a compressed air gun, Montanez called the police. As he did so, Montanez observed a vehicle drive away while a passenger in the vehicle pulled the barrel of a weapon inside. Police later identified defendant as the shooter. Montanez underwent spinal surgery to remove the projectile, which was lodged seven centimeters deep in Montanez's back.

Following his apprehension, defendant acknowledged shooting Montanez with a pellet gun, but stated he had been dared to do so by one of the other occupants in the car. Defendant was subsequently charged with assault by means likely to produce great bodily injury and assault with a deadly weapon. Both charges included allegations that

---

[1]    Unless otherwise specified, all statutory references are to the Penal Code.

[2]    As there was no trial in the instant case, the facts of the offense are drawn from the probation report.

2

defendant used a deadly weapon and caused great bodily injury to the victim. Defendant entered a plea of not guilty.

On April 18, 2013, the trial court ordered the proceedings suspended so defendant—who had been diagnosed with ADHD, Tourette's syndrome, and a developmental disability—could have his mental competency evaluated. After a jury found defendant mentally competent to stand trial, the proceedings resumed and defendant withdrew his plea of not guilty and entered a plea of no contest to the count of assault with a deadly weapon. Defendant also admitted the special allegations that he used a deadly weapon and caused great bodily injury to the victim.

At sentencing, defense counsel requested probation on the basis of defendant's mental disabilities, remorse, and lack of a criminal record. The trial court denied probation, however, finding that defendant had not shown remorse for his actions, had laughed about injuring the victim, and had pumped the pellet gun approximately 40 times prior to shooting it—an act the trial court found defendant knew would increase the harm done to the victim. While the trial court noted defendant's mental deficiencies as a mitigating factor, it concluded the totality of the circumstances suggested malicious intent and sophistication that belied defendant's suitability for probation. The trial court instead sentenced defendant to an aggregate term of six years in prison: two years for the assault, three years for the great bodily injury enhancement, and one year for the deadly weapon enhancement. This appeal followed.

## DISCUSSION

### I. *The trial court did not abuse its discretion by denying defendant probation.*

Defendant argues the trial court abused its discretion by denying his request for probation. We disagree.

"Except in unusual cases where the interests of justice would best be served if the person is granted probation, probation shall not be granted to … [a]ny person who used, or attempted to use, a deadly weapon upon a human being in connection with the

3

perpetration of the crime of which he or she has been convicted," or "[a]ny person who willfully inflicted great bodily injury … in the perpetration of the crime of which he or she has been convicted." (§ 1203, subd. (e)(2)-(3).)

In determining whether unusual circumstances exist in a given case, the trial court should consider a number of factors, including whether or not "[t]he crime was committed because of a mental condition not amounting to a defense, and there is a high likelihood that the defendant would respond favorably to mental health care and treatment that would be required as a condition of probation." (Cal. Rules of Court, rule 4.413(c)(2)(B).)

Here, while defendant acknowledges he is presumptively ineligible for probation due to the circumstances of his offense, he asserts his mental impairment and lack of criminal history present unusual circumstances where the interests of justice would be best served by a grant of probation. In support of this argument, defendant points to the probation report and the diagnostic study of defendant, both of which concluded he was a suitable candidate for probation.

While it is true that both of those documents found defendant to be a suitable candidate for probation, neither document is binding on the trial court, which retains final discretion in determining whether or not to grant probation to a defendant. (See *People v. Johnson* (1951) 106 Cal.App.2d 815, 816.) Further, the exercise of that discretion "will not be disturbed on appeal except on a showing that the [trial] court exercised its discretion in an arbitrary or capricious manner." (*People v. Edwards* (1976) 18 Cal.3d 796, 807.)

In the instant case, while there was indeed evidence of decreased mental capacity on the part of defendant, the trial court explicitly weighed that evidence against the totality of the circumstances surrounding defendant's offense. Specifically, the trial court found that defendant intentionally shot Montanez, willfully pumped the pellet gun approximately 40 times prior to shooting Montanez despite knowing it would increase the

4

harm done by the projectile, and was aware of—and amused by—the injury he inflicted on the victim. In addition to this evidence of malicious intent, the trial court also noted that defendant took active steps during the commission of the crime to avoid being detected.

Given the trial court's reasoned, evidence-based grounds for denying defendant's request for probation, we cannot conclude its decision was "arbitrary" or "capricious." (*People v. Edwards*, *supra*, 18 Cal.3d at p. 807.) Therefore, we must reject defendant's claim of an abuse of discretion.

## II. *Defendant's sentence enhancement for use of a deadly weapon must be stricken.*

Defendant also argues, and the People concede, the trial court erred by imposing a one-year enhancement for use of a deadly weapon (§ 12022, subd. (b)) onto defendant's conviction for assault with a deadly weapon (§ 245, subd. (a)(1)). We agree.

A conviction for assault with a deadly weapon under section 245, subdivision (a)(1) cannot be enhanced pursuant to section 12022, subdivision (b). (*People v. Summersville* (1995) 34 Cal.App.4th 1062, 1070.) Therefore, we order the enhancement stricken.

## DISPOSITION

The case is remanded to the trial court with directions to strike the one-year sentence enhancement for use of a deadly weapon, and to send a corrected abstract of judgment to the California Department of Corrections and Rehabilitation. We affirm the judgment in all other respects.