[Crim. No. 177. Second Appellate District.—July 9, 1910.]

In the Matter of the Application of W. J. DANFORD for a Writ of Habeas Corpus.

HABEAS CORPUS—CRIMINAL JURISDICTION—ERRORS—REVIEW UPON APPEAL.—Where a petitioner for a writ of *habeas corpus* has been held to answer in the superior court upon a criminal charge of which it has jurisdiction, and the affidavit of complaint and commitment and information are sufficient, all subsequent irregularities or errors in the exercise of jurisdiction can only be reviewed upon appeal, and *habeas corpus* will not lie on account thereof.

ID.—STRIKING OUT SECOND OFFENSE NOT EMBODIED IN COMPLAINT—JURISDICTION—SURPLUSAGE—ELECTION.—The striking out from the information of an offense not embodied in the complaint did not go to the jurisdiction for the purpose of the petition for the writ of *habeas corpus*. The court had authority to strike it out as surplusage, and the order granting the motion had the effect of an election to proceed only upon the offense properly charged.

ID.—RULE AS TO SUFFICIENCY OF INDICTMENT OR INFORMATION.—Where an indictment or information purports or attempts to state an offense of a kind of which the superior court has jurisdiction, the question whether the facts charged are sufficient to constitute an offense cannot be examined into upon writ of *habeas corpus*. Such inquiry is only permissible where there is for review a proceeding in an inferior court.

ID.—Review of Proceeding in Court of General Jurisdiction.—Where this court is called upon to review upon writ of *habeas corpus* a proceeding in a court of general jurisdiction, a rule which would apply to an indictment therein would apply with equal force to an *information* filed in such court.

APPLICATION for writ of *habeas corpus*.

The facts are stated in the opinion of the court.

W. J. Danford, Petitioner in *pro. per.*

THE COURT.—An affidavit of complaint was filed before a justice of the peace charging defendant with a violation of section 474 of the Penal Code. This affidavit of complaint is sufficient in every respect. The justice of the peace, upon preliminary examination, held the defendant to answer. Thereafter, the district attorney filed an information charging defendant with the same offense specified in the affidavit of complaint, and, in addition thereto, included in said information a second and different offense than that for which defendant had been held to answer. Defendant moved to set aside the information because two separate and distinct offenses were charged, and also filed a demurrer to the information on the grounds, first, of the uncertainty thereof, and, second, that the information included an offense for the commission of which defendant had not been legally committed by a magistrate.

It is alleged in the petition for the writ that the court granted leave to the district attorney to strike out of the information the second offense, which was the one not embodied in the affidavit of complaint, and overruled the demurrer to the information. It is contended by petitioner that this action of the district attorney in striking out the second offense deprived the court of jurisdiction to hear and determine the action. Assuming that this second offense was included in the information without warrant, upon such theory the same was surplusage and was properly stricken from the information. The effect of striking the same from the information was an election to proceed only as to the offense properly charged. When a sufficient information charging the offense for which he stood committed remained, the accused could in no sense be injured by the action of

the district attorney or the court in striking out such surplusage. It is alleged that subsequently the defendant was tried and convicted of the first offense. It will be assumed, nothing to the contrary appearing in the petition or exhibits attached thereto, that his plea was entered after the hearing of the motion and the demurrer. The affidavit of complaint being sufficient, no reason is apparent why the rule laid down in *Ex parte Ruef*, 150 Cal. 665, [89 Pac. 605], should not be applied, which is that, "where an indictment purports or attempts to state an offense of a kind of which the court assuming to proceed has jurisdiction, the question whether the facts charged are sufficient to constitute an offense of that kind will not be examined into on *habeas corpus*." Such inquiry is only permissible where there is for review a proceeding in an inferior court. (*Ex parte Greenall*, 153 Cal. 770, [96 Pac. 804].) Here we are called upon to review a proceeding in a court of general jurisdiction, and a rule which would apply to an indictment should apply with equal force to an information filed in such court. In our opinion, therefore, the petitioner having been regularly held to answer, the affidavit of complaint and commitment being sufficient, and the information purporting to state an offense of a kind of which the court assuming to proceed has jurisdiction, that all subsequent irregularities or errors, if any occurred in the course of the proceedings, are matters for review upon appeal and *habeas corpus* will not lie on account thereof.

Writ denied.