[Crim. No. 2617. First Dist., Div. Two. May 8, 1950.]

THE PEOPLE, Respondent, v. WALTER J. O'BRIEN, Appellant.

Brobeck, Phleger & Harrison and Alfred A. Hampson, Jr., for Appellant.

Fred N. Howser, Attorney General, and Clarence A. Linn, Deputy Attorney General, for Respondent.

DOOLING, J.—Appellant was charged in an information with the crime of bigamy, to which he pleaded guilty. Probation was denied him and he was sentenced. He was represented throughout by counsel appointed by the court.

The present appeal is from an order denying a motion made in pro. per. to set aside the judgment of conviction. The motion was made upon the grounds that defendant was induced to plead guilty by promises that he would receive probation, made to him by a deputy district attorney; that by reason of pleading guilty, his confinement in the county jail and the use of a sedative he was not able to present a defense, and that the court lacked jurisdiction. On this appeal counsel were appointed to represent appellant at his request.

The nonstatutory motion to set aside the judgment is the equivalent of a petition for writ of error coram nobis. (*People* v. *Adamson*, 34 Cal.2d 320 [210 P.2d 13] ; *People* v. *Gilbert*, 25 Cal.2d 422 [154 P.2d 657].) Assuming that the grounds urged were open to appellant on such proceeding (see *People* v. *Adamson, supra,* 34 Cal.2d at p. 327) we find no error in the trial court's action.

Appellant does not assert that he did not contract a bigamous marriage. The second marriage occurred in England

but a bigamous cohabitation in California is sufficient under our statute to constitute the crime (*People* v. *Ellis,* 204 Cal. 39 [266 P. 518] ; *People* v. *Jacobs,* 11 Cal.App.2d 1 [52 P.2d 945]) which disposes of the jurisdictional question.

The assistant district attorney denied under oath making the asserted promise of probation and we cannot interfere with the fact determination of the trial court on conflicting evidence. The medical reports which were the basis of the claim of insanity are inconsistent and inconclusive and we cannot hold that the court erred in concluding that appellant fully realized what he was doing in his bigamous cohabitation and in entering his plea of guilty. No other defense is suggested.

Appellant requested to be present at the hearing of his motion but the cases are clear that no right was violated by denying this application. (*People* v. *Russell,* 139 Cal.App. 417 [34 P.2d 203] ; *People* v. *Martin,* 78 Cal.App.2d 340 [177 P.2d 813].)

Order affirmed.

Nourse, P. J., and Goodell, J., concurred.

A petition for a rehearing was denied May 23, 1950.