[Crim. No. 5521. Second Dist., Div. One. Sept. 12, 1956.]

THE PEOPLE, Respondent, v. ADOLPH WILLIAM LEMPIA, Appellant

William Adolph Lempia, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Patrick McCormick, Deputy Attorney General, for Respondent.

WHITE, P. J.—This is an appeal from an order denying appellant's petition for a writ of error *coram nobis*, writ of *audita querela*, writ of habeas corpus, writ of certiorari, and recall of remittitur.

The record reveals that on December 3, 1951, in the Superior Court of Los Angeles County, an information was filed charging appellant with a violation of section 11500 of the Health and Safety Code of California, and alleging two prior felony convictions.

On December 5, 1951, accompanied by counsel, appellant appeared in said superior court and entered his plea of not guilty. On February 11, 1952 appellant with his counsel, appeared before the court, withdrew his plea of not guilty and entered a plea of guilty to the charge made against him in the information. On motion of the district attorney each allegation of prior conviction was stricken from the record. On March 19, 1952, appellant's application for probation was denied, judgment was pronounced and he was sentenced to state prison. No appeal was taken from the judgment.

On June 20, 1955, appellant filed his petition above referred to, and also his notice of appeal from the denial thereof. The petition was denied and the notice of appeal attached thereto was ruled premature on July 15, 1955. On July 29, 1955, appellant filed his notice of appeal.

As a basis for his aforesaid petition appellant alleges that:
"1. His plea of guilty was made through mistake, ignorance, inadvertence and overreaching of his free will.
"2. The evidence used against him was procured by the arresting officers through use of force and fear."

From a reading of the record and briefs herein it appears to us that this is an appeal from the order denying appellant's petition for a writ of error *coram nobis* since the statute (Pen. Code, § 1506) does not authorize an appeal by a petitioner from an order denying a petition for a writ of habeas corpus.

When the foregoing grounds which form the basis of appellant's petition are considered, it appears that he has misconceived the purpose of the writ of error *coram nobis*.

Under our law, a motion to vacate a judgment in the nature of a petition for a writ of error *coram nobis* is a remedy of narrow scope. As was said by our Supreme Court in *People* v. *Adamson*, 34 Cal.2d 320, 326 [210 P.2d 13] : "Its purpose is to secure relief, where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if the trial court had known it *and which, through no negligence or fault of the defendant, was not then known to the court* (citing cases)." (Emphasis added.) (See also *People* v. *Reid,* 195 Cal. 249, 255, 256 [232 P. 457, 36 A.L.R. 1435].) The matters charged in appellant's petition constitute grounds, that if they had merit, would have been remediable by motion for a new trial and reviewable upon appeal therefrom. All the cases which have come to our attention concur in the conclusion that the writ will not issue for any cause for which the statute provides a remedy, and that its functions are strictly limited to an error of fact for which the statute provides no other remedy. Historically, it may be said that at the time the writ came into general use there was no remedy by appeal or by motion for a new trial, and the ordinary writ of error afforded to a considerable extent the remedy now available by appeal, and the writ of error *coram nobis* to a very limited extent the remedy now available upon motion for a new trial. The advent of these remedies by statutory enactment have supplanted this ancient writ insofar as its former scope is comprehended in and covered by the statutory remedies.

Furthermore, appellant's contention that his plea of guilty should be set aside on the basis of mistake, ignorance,

inadvertence and overreaching of his free will is unavailing because the record discloses that he was represented by counsel at all stages of the proceedings from arraignment to judgment.

Equally unavailing is appellant's claim that the evidence against him was procured by the officers through force and fear, because if such contentions were meritorius they furnished proper grounds for a motion for a new trial or an appeal.

As a matter of legal principle, the rule has been frequently announced that, in order that it may be effective and within the possibility of favorable action thereon, a motion to vacate a judgment must be made "within a reasonable time" after such judgment has been rendered, and in this state, the concrete examples of what should be construed as "a reasonable time" would seem to point to the conclusion that in the matter now engaging our attention the delay has been so long that the prayer of appellant should not be granted *(People* v. *Martinez,* 88 Cal.App.2d 767, 773 [199 P.2d 375] ; *People* v. *Black,* 114 Cal.App. 468, 473 [300 P. 43] ; *People* v. *Lumbley,* 8 Cal.2d 752, 761 [68 P.2d 354]). As was said in *People* v. *Martinez, supra,* page 773 : ". . . An application for a writ of error *coram nobis* should be made within a reasonable time. Diligence is required. A convicted person is not permitted to allow years to pass during which witnesses die, disappear or forget, and his own imagination grows and expands. . . ." Appellant herein, for over a period of three years, which included a period of 16 months on parole, made no effort to seek a remedy for the errors which he now asserts existed since the time of the original judgment on March 19, 1952.

A writ of error *coram nobis* "is not a catch-all by means of which those convicted of crime may litigate and relitigate the legality of their convictions *ad infinitum"* *(People* v. *Martinez, supra,* p. 774).

The writ here sought serves a useful purpose, but also a limited one. It cannot be utilized to obtain adjudication of issues or errors that could have been remedied and corrected upon motion for a new trial or upon an appeal from the judgment.

Appellant challenges the claim that he was guilty of laches in filing his petition with the assertion that the basis of his writ arose after the holding in *People* v. *Cahan,* 44 Cal.2d 434 [282 P.2d 905], and that his delay was not deliberate. The grounds urged by appellant in his petition do not come within

the purview of the case just cited. That case involved the question of illegal searches and seizure which was not involved in the case at bar. The grounds upon which appellant's petition herein was predicated, if meritorious, could have been considered, remedied and corrected upon a motion for a new trial or upon an appeal from the judgment. Not having availed himself of these statutory remedies, a review is not authorized upon a writ of error *coram nobis.*

If we should consider appellant's petition as an original petition for a writ of habeas corpus it must be held that the grounds relied upon for issuance of the writ are insufficient. When, as here, the affidavit of complaint and commitment being sufficient, and the information states facts constituting an offense of which the court had jurisdiction, all subsequent irregularities or errors, if any occurred in the trial court, are matters for review upon motion for a new trial or on appeal, and habeas corpus will not lie on account thereof. The latter writ may not serve as a substitute for an appeal (*In re Lindley,* 29 Cal.2d 709 [177 P.2d 918]). It is only where the facts alleged indicate that the accused had no opportunity to present his contentions at the trial, or on appeal, that he may resort to the writ of habeas corpus. Had petitioner herein exhausted his remedy by motion for a new trial or by appeal (there being herein no question of the constitutionality of the statute under which he was convicted), habeas corpus might be available to him. But where, as here, all the matters set forth by appellant in his petition were known to him at the time of trial and could have been raised on motion for a new trial or on appeal from the judgment, or both, he cannot now resort to a writ of habeas corpus to serve the function of an appeal (*In re Danford,* 13 Cal.App. 741, 743 [110 P. 692] ; *People* v. *Bronaugh,* 100 Cal.App.2d 220, 223 [223 P.2d 256] ; *In re Bell,* 19 Cal.2d 488, 495 [122 P.2d 22] ). Furthermore, appellant is in Folsom State Prison, which is not within the habeas corpus jurisdiction of this court (*People* v. *Martinelli,* 118 Cal.App.2d 94, 98 [257 P.2d 37] ).

For the foregoing reasons, the order from which this appeal was taken is affirmed.

Doran, J., and Fourt, J., concurred.

A petition for a rehearing was denied September 26, 1956, and appellant's petition for a hearing by the Supreme Court was denied October 10, 1956.