[Crim. No. 5646.   Second Dist., Div. Two.   Sept. 20, 1956.]

THE PEOPLE, Respondent, v. DONALD JOSEPH BEAULIEU et al., Defendants; LYLE WARNER GIROUX, Appellant.

Louis W. Shaffer for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

FOX, J.—Defendants Giroux, Beaulieu[1] and Fritz were charged with the crime of robbery (Pen. Code, § 211) in that on October 23, 1955, they took certain money by force and fear from Fumio Nakaya. The court found Giroux guilty, denied probation and sentenced him to the state prison. He appeals from the judgment and sentence.

Fritz and Beaulieu went into a liquor store at 3124 East Fourth Street, Los Angeles, where Fumio Nakaya worked, between 12:30 and 1 o'clock in the morning of October 23, 1955. When Nakaya first noticed these men they were standing in the center of the store with drawn .45 automatics. Beaulieu demanded the money. Nakaya, being in fear, gave him $73 from the cash register. Beaulieu took the money and went out quickly. Fritz remained briefly inside the door, keeping watch, and then he, too, left. Nakaya went outside and saw a Pontiac automobile pulling away.

Felix G. Mena, who was across the street from the liquor store, observed a car with a sun visor move up to the store from the corner where it had been parked, a distance of 300 feet. Mena was not able to identify the driver beyond the fact that it was a man. When the car pulled up a man came out of the store and entered it. Then the horn sounded and another man left the store and entered the car. The three men in the car were last seen going east on Fourth Street.

Officer Vera and his partner Shelly responded to the police broadcast of the burglary. At the liquor store they received a description of the car. At approximately 1:15 a. m. they arrested the defendants in the 5000 block on East Third Street. Beaulieu was driving. All three were in the front

---

[1] Beaulieu and Fritz are not involved in this appeal.

seat. Just before the police stopped the car, Fritz was observed to bend forward in his seat. Upon searching the car three .45 automatics (all cocked) were found under the front seat where Fritz had been sitting. They were the same type of weapon the robbers used. One of these guns had a clip with eight rounds of ammunition in it. Five rounds of .45 caliber ammunition were found in appellant's right front pocket, Fritz had seven rounds in his pocket. Fritz had $21 on his person; the other two had $20 each. Two handkerchiefs were found in the glove compartment of the car, and a pair of brown gloves on the front seat.

At the police station, approximately a half hour after the arrest, appellant stated: "We were just riding around and haven't done anything. That's all you are going to get out of me."

At the trial appellant testified he had not at any time driven the car used in the robbery. He told of going to Long Beach with Fritz, and that they met Beaulieu in a bar; that he left the bar at 11:00 p. m. and went to sleep in the back seat of Beaulieu's car; that he did not wake up until around 12:30 to 1 a. m.; that they stopped at a bar and about 15 minutes after he had awakened the police arrested them. His explanation of the cartridges being in his pocket was that he felt some hard objects that bothered him in the back seat of the car when he was trying to go to sleep; that he saw what they were and put them in his pocket so he "could sleep more comfortably."

Appellant contends that the evidence is insufficient to sustain the conviction. Specifically, he argues that the People failed to prove (1) that he was not asleep, and (2) that he knew of the unlawful purpose of Beaulieu and Fritz or that he knowingly assisted them in accomplishing their purpose, or in escaping detection. His argument is lacking in merit.

■ Before a conviction can be reversed on the ground of the insufficiency of the evidence "it must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below." (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].) ■ We must assume in support of the judgment the existence of every fact which the trial court could have reasonably deduced from the evidence, and then determine whether facts "justify the inference of guilt." (*People* v. *Deysher,* 2 Cal.2d 141, 149 [40 P.2d 259].) ■ If the circumstances reasonably justify the determination of the

trier of fact, the opinion of the reviewing court that those circumstances might also reasonably be reconciled with the innocence of the defendant will not warrant a reversal. (*People* v. *Newland, supra*; *People* v. *Frankfort,* 114 Cal.App. 2d 680, 689 [251 P.2d 401].)

One who aids and abets another in the commission of a crime, though not present, is a principal in any crime so committed and shall be punished as such. (Pen. Code, §§ 31 and 971; *People* v. *Hopkins,* 101 Cal.App.2d 704, 707 [226 P.2d 74].)

A person who stays in an automobile and enables those who are robbing to make a successful "getaway" aids and abets the commission of the crime and is as much a principal as if he were present and assisted in the actual taking of the property. (*People* v. *Benton,* 32 Cal.App.2d 407, 409-410 [89 P.2d 1089] ; *People* v. *Soffer,* 34 Cal.App.2d 301, 304 [93 P.2d 183].)

Someone drove the car from the corner, a distance of approximately 300 feet, to the liquor store where Beaulieu entered the car. "Shortly thereafter," according to witness Mena, "the horn blew" and then Fritz came out and entered the front seat of the car from the passenger side. The car was stopped by the police about half an hour later and appellant was in the front seat with them. The car was identified by Nakaya as the Pontiac that he saw leaving the curb following the robbery. Although Mena was not able to identify the operator of the car, it is a reasonable inference that appellant was the male driver Mena saw in the car when it pulled up in front of the liquor store, for admittedly he was in Beaulieu's car. The trial judge, of course, was not required to accept as true appellant's testimony that he was asleep because of his obvious self-interest. His statement that "We were just riding around" belies his story that he was asleep.

When appellant was searched upon his arrest he had .45 caliber cartridges in his right front pocket. The shells were the same caliber as those used in the weapons found under the front seat of the car and these guns were identified as the same type as those used in the holdup. Fritz was seen to lean forward in his seat before the car was stopped and the guns were found under his seat. From these circumstances it is reasonable to infer that appellant knew of the unlawful activities of his companions. Appellant's explanation of the presence of the .45 caliber cartridges in his pocket challenges the credulity of any reasonable person.

Without discussing the evidence further, it is apparent that it adequately justifies the inference that appellant aided and abetted Beaulieu and Fritz in the commission of the robbery by assisting them in making a "getaway." (See *People* v. *O'Keefe,* 138 Cal.App.2d 329 [291 P.2d 982].)

Since no appeal lies from a sentence, the purported appeal therefrom is dismissed. (*People* v. *Douglas,* 141 Cal. App.2d 33, 34 [296 P.2d 1].)

The judgment is affirmed.

Moore, P. J., and Ashburn, J., concurred.