[Crim. No. 6180.   Second Dist., Div. Two.   July 17, 1958.]

THE PEOPLE, Respondent, v. EUGENE LARUE PRICE, Appellant.

Eugene Larue Price, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

HERNDON, J.—Appeal from an order denying a petition for the writ of error *coram nobis*.  As respondent correctly comments, ''[t]he instant appeal is another contribution to the swelling stream of such applications which engage the attention of our trial and appellate courts.''   Manifestly, defendant has misconceived the scope and function of the writ.

On May 7, 1956, after a jury trial in which defendant was found guilty of first degree burglary, he was sentenced to state prison.  He at first denied, but subsequently admitted, that he had served four successive prison terms, after as many prior convictions, in California and Nevada.   On December 2, 1957, more than 18 months after judgment, the instant petition was filed in the trial court.  The petition rests solely upon

allegations to the effect that a prosecution witness (the victim of the burglary with which defendant was charged) had been convicted of a felony to wit, a violation of Penal Code, section 337a, and that said witness committed perjury in answering negatively when asked whether he previously had been convicted of a felony.

Defendant alleges that "at the time of a motion for a new trial and at the time of filing a motion of appeal" he was unaware of the alleged previous conviction of the prosecution witness. This allegation, however, is completely contradicted by other allegations to the effect that the trial judge had sustained the prosecutor's objections when defendant's counsel sought further to interrogate the witness with specific reference to the alleged conviction on the bookmaking charge. Since it is alleged that the prosecution witness had been convicted in the same court as that in which defendant was tried in the instant case, and since defendant obviously had information concerning the matter at the time of his trial, any criminal record involving the witness obviously was available both at the trial and on new trial proceedings.

The applicant for the writ must show that the facts upon which he relies were not known to him, and could not, in the exercise of due diligence, have been discovered by him at any time substantially earlier than the time of his motion for the writ; otherwise, he has stated no ground for relief. (*People* v. *Shorts,* 32 Cal.2d 502, 513 [197 P.2d 330] ; *People* v. *Adamson,* 34 Cal.2d 320, 326-327 [210 P.2d 13] ; *People* v. *Ayala,* 138 Cal.App.2d 243, 246 [291 P.2d 517].) The writ is not available to correct an error or irregularity occurring at the trial which could be corrected on motion for new trial or by an appeal; it is available only in the absence of any other adequate remedy. (*People* v. *Ayala, supra,* 138 Cal.App.2d 243, 246; *People* v. *Martinez,* 88 Cal.App.2d 767, 774 [199 P.2d 375] ; *People* v. *Martinelli,* 118 Cal.App.2d 94, 96 [257 P.2d 37].) Unreasonable and unexplained delay in presenting a petition for the writ affords sufficient ground for its denial. (*People* v. *Tucker,* 154 Cal.App.2d 359, 362-363 [316 P.2d 417] ; *People* v. *Flores,* 147 Cal.App.2d 243, 247 [305 P.2d 90] ; *People* v. *Krout,* 90 Cal.App.2d 205, 209 [202 P.2d 635].) Defendant's delay of more than 18 months in the instant case is without any sufficient or substantial explanation.

The order is affirmed.

Fox, P. J., and Ashburn, J., concurred.