[Crim. No. 6259.   Second Dist., Div. Two.   Oct. 16, 1958.]

THE PEOPLE, Respondent, v. WARREN PAUL BEGHTEL, Appellant.

Warren Paul Beghtel, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

HERNDON, J.—Appellant Beghtel and one Fritz were charged with robbery and, in a second count, with kidnapping for the purpose of robbery. Appellant was charged with one prior robbery conviction and Fritz was charged with two priors. Both entered pleas of not guilty. Appellant's motion to dismiss made pursuant to Penal Code, section 995, was denied.

When the case was called for trial, Fritz withdrew his original plea and entered a plea of guilty to robbery in the first degree. Pursuant to stipulation, appellant's case was submitted on the transcript of the evidence taken at the preliminary hearing, both sides reserving the right to introduce additional evidence. The only additional evidence offered or taken at the time of trial consisted of cross-examination of the arresting officers by appellant's counsel and the proof of appellant's prior felony conviction. The trial court found appellant guilty of robbery and not guilty of the kidnapping charge. His motion for a new trial and his application for probation were denied, and he was sentenced to state prison.

In his opening brief, appellant states that he is appealing from the judgment, the order denying his motion for a new trial and from "all prior orders made in the case." As indicated by its caption, the opening brief also purports to constitute an application for a writ of habeas corpus. Appellant's contentions relate exclusively to the sufficiency of the evidence to warrant the magistrate's order holding him for trial after the preliminary hearing and to support the judgment of conviction. Since appellant's cross-examination of the police officers neither added anything of substance to the People's case as made at the preliminary hearing nor in any way detracted from it, it is fair to say that the magistrate's order

and the judgment of conviction rest upon the same evidence as summarized in the following recital.

On November 17, 1957, at about 8:45 p.m. codefendant Fritz entered a liquor store in Los Angeles, pulled a gun, announced "This is a holdup" and took approximately $300 in cash from the owner and operator, a Mrs. Hayward. The money taken consisted of currency taken from the cash register and several rolls of coins of various denominations taken from a desk near the safe in a back room.

Twenty minutes later appellant and Fritz were arrested at a place in Los Angeles about five miles distant from the scene of the robbery. The arresting officers noticed an automobile being driven in an erratic manner, wheeling back and forth across the traffic lanes. They ordered the car to the curb. The car was being driven by appellant but was registered to Fritz, who was seated on the front seat beside the appellant. The police had the occupants of the car step out and a routine sobriety test was commenced with appellant. As Fritz opened the car door on the righthand side a light came on inside the car illuminating the floorboards and one of the officers observed a roll of dimes on the floorboards and another roll of coins lodged under the accelerator. The officer observing the roll of coins stated to his associate in the presence of the defendants that apparently they had something more than a case of drunk driving. Upon being asked, Fritz indicated his consent to the officers' search of the vehicle. Fritz was directed to stand away from the car, and as one of the officers proceeded to look into the vehicle, Fritz began to move between two rows of parked cars. The other officer ordered him to stop and at that time both defendants were handcuffed.

The officer then resumed his search of the car and found a box containing eight .32 caliber shells in the glove compartment. When asked if there was a gun to go with these shells, both defendants declared they didn't know of any gun. The officer then looked under the right-hand side of the front seat and found a .32 caliber Mauser German automatic and wads of currency of various denominations, seven rolls of quarters, three rolls of dimes, six rolls of nickels, five rolls of pennies and $2.75 in loose change. When asked whether this was their money, both defendants failed to respond. Both also stood mute when asked the question "Whose gun is this?" Other articles found on the back seat of the car were two face masks, two men's yellow silk baseball-type caps, two pairs of gloves, one of cotton and the other of rubber, a pair of

multi-colored sun glasses and a gray felt hat. The defense presented no witnesses.

The sufficiency of the foregoing evidence to sustain the judgment of conviction is self-evident from its recital. "All persons concerned in the commission of a crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, or, not being present, have advised and encouraged its commission, . . . are principals in any crime so committed." (Pen. Code, § 31.) ■ All participants in a robbery are chargeable as principals and are equally guilty. (*People* v. *Best*, 43 Cal.App.2d 100, 105 [110 P.2d 504].)

Manifestly the evidence afforded a more than adequate basis for the inference that appellant participated in the robbery by driving the get-away car. ■ As stated in *People* v. *Raucho*, 8 Cal.App.2d 655, 664 [47 P.2d 1108], ". . . the perpetration of a robbery is not completed the moment the stolen property is in the possession of the robbers. Robbery, a combination of the crime of assault with that of larceny, includes, as does larceny, the element of asportation, and this taking away is a transaction which continues as the perpetrators depart from the place where the property was seized."

■ The evidence strongly indicates that appellant was arrested while performing the act which constitutes the element of asportation. He was arrested 20 minutes after the holdup, driving the gunman's car which contained the loot taken from the victim of the robbery. A roll of the stolen coins lay at his feet as he drove. As stated in *People* v. *Beaulieu*, 144 Cal.App.2d 536, 541 [301 P.2d 304] : ". . . it is apparent that it [the evidence] adequately justifies the inference that appellant aided and abetted Beaulieu and Fritz in the commission of the robbery by assisting them in making a 'getaway.' " (See *People* v. *Boss*, 210 Cal. 245, 250-251 [290 P. 881].) In numerous cases robbery convictions have been sustained on similar evidence. (See *People* v. *Mora*, 139 Cal. App.2d 266, 271 [293 P.2d 522], and *People* v. *Bonner*, 5 Cal. App.2d 623, 631 [43 P.2d 343], and cases therein cited.)

■ Appellant's contention that the evidence produced at the preliminary hearing was not sufficient to warrant holding him for trial is obviously untenable, since the "reasonable or probable cause" required to uphold the commitment of a defendant is established by proof sufficient to cause a person of ordinary caution or prudence conscientiously to entertain a reasonable suspicion that a public offense had been com-

mitted in which the defendant had participated. (*People* v. *Platt,* 124 Cal.App.2d 123, 131 [268 P.2d 529] ; *Weber* v. *Superior Court,* 35 Cal.2d 68, 69 [216 P.2d 871].)

It is equally obvious that the application for a writ of habeas corpus constitutes an attempt to invoke a clearly inappropriate remedy. (*In re Lindley,* 29 Cal.2d 709, 722-723 [177 P.2d 918] ; *People* v. *Lempia,* 144 Cal.App.2d 393, 398 [301 P.2d 40].) Furthermore, since appellant is confined in San Quentin State prison in Marin County he is not within the habeas corpus jurisdiction of this court. (*People* v. *Lempia, supra,* 144 Cal.App.2d 393, 398; *People* v. *Martinelli,* 118 Cal.App.2d 94, 98 [257 P.2d 37].)

The application for the writ of habeas corpus is denied. The appeals from the sentence and ''from all prior orders made in the case'' are dismissed. The judgment and the order denying the motion for a new trial are affirmed.

Fox, P. J., and Ashburn, J., concurred.

A petition for a rehearing was denied November 5, 1958, and appellant's petition for a hearing by the Supreme Court was denied December 10, 1958.