[Crim. No. 6676.    Second Dist., Div. Two.    Oct. 2, 1959.]

THE PEOPLE, Respondent, v. OSCAR DEL CAMPO,
Appellant.

David C. Marcus for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Robert M. Sweet, Deputy Attorney General, for Respondent.

HERNDON, J.—This is an appeal from an order denying appellant's petition denominated "Petition to Vacate Judgment."

On July 30, 1958, in the Superior Court of Los Angeles, appellant was convicted of a violation of section 11500, Health and Safety Code. He was charged with two prior felony convictions, one in Texas in 1935 for the crime of "Theft Over $50" and the second in California in 1952 for violation of section 11500, Health and Safety Code. The People's case was submitted on the transcript of the preliminary hearing, and appellant testified in his own behalf. The court found appellant guilty as charged but made no finding as to the prior convictions. The record indicates that appellant waived the right to a probation report, ". . . being ineligible for pro-

bation." There was no motion for a new trial and no appeal was taken from the judgment of conviction.

More than three months later, on November 18, 1958, by his present attorney, appellant filed his petition to vacate the judgment of conviction. Although not so denominated, the petition bears the essential characteristics of a petition for the writ of error *coram nobis*. (See *People* v. *Mendez,* 144 Cal.App.2d 500, 502-503 [301 P.2d 295] ; *People* v. *O'Brien,* 97 Cal.App.2d 391, 392 [217 P.2d 678].) However, in certain of its allegations and in its prayer the petition seems to assume the aspect of a petition for a writ of habeas corpus. (See 24 Cal.Jur.2d 409, § 2.)

The petition, after reciting the stipulation by which the case was submitted on the transcript, continued with a recitation of the testimony purportedly given at the preliminary hearing on June 16, 1958. The petition indicates that officers of the Los Angeles Police Department, having received communications from a reliable informant to the effect that the occupant of the residence at 1159 Lake Street in the county of Los Angeles was in possession of contraband, entered the premises and found appellant there in possession of a substance identified as heroin.

During the examination of the police officer appellant's counsel unsuccessfully sought to ascertain the name of the informant whose communications were relied upon by the prosecution to establish probable cause for the arrest and search. At the trial on July 30, 1958, defendant was found guilty of a violation of section 11500 of the Health and Safety Code, and was sentenced the same day. On November 18, 1958, the date the petition was filed, appellant was confined at Folsom Penitentiary, Represa, California.

The petition further alleges that the conviction of appellant "was in violation of the fifth and fourteenth amendments of the Constitution of the United States and Article I, Section 13, of the Constitution of the State of California." More specifically, the petition alleges (a) that the evidence was insufficient to support the judgment of conviction, (b) that the contraband seized by the arresting officers was improperly admitted in evidence, (c) that the trial court erred in failing to require disclosure of the identity of the informer whose communications were relied on by the officers to establish probable cause to make a search (*Priestly* v. *Superior Court,* 50 Cal.2d 812, 819 [330 P.2d 39], decided October 1, 1958) and (d) that the court in which appellant was sentenced was

without jurisdiction because it had failed to refer the matter to the probation department for a report pursuant to the provisions of Penal Code, section 1203.

On this appeal from the order denying the motion to vacate the judgment of conviction, appellant is attempting to raise issues which may be considered only on an appeal from the judgment. ■ It is settled law that the remedy provided by writ of error *coram nobis* is quite narrow in scope. (*People* v. *Ayala*, 138 Cal.App.2d 243, 245-246 [291 P.2d 517]; *People* v. *Lempia*, 144 Cal.App.2d 393, 396 [301 P.2d 40]; *People* v. *Gurule*, 169 Cal.App.2d 280, 281-282 [337 P.2d 111].) ■ As stated in *People* v. *Adamson*, 34 Cal.2d 320, 326-327 [210 P.2d 13], its purpose is to ". . . secure relief, where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if the trial court had known it and which, through no negligence or fault of the defendant, was not then known to the court. (Citing cases.) ■ The applicant for the writ 'must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ; otherwise he has stated no ground for relief.' (*People* v. *Shorts* (1948), 32 Cal.2d 502, 513 [197 P.2d 330].)" ■ And as stated in *People* v. *Ayala, supra,* 138 Cal.App.2d 243, 246: "*Coram Nobis* is not the proper vehicle for vindicating constitutional rights; that is a function of motion for new trial, appeal or habeas corpus. (*People* v. *Adamson, supra,* at page 327.) ■ Nor is this proceeding 'a catch-all by which those convicted may litigate and relitigate the propriety of their convictions *ad infinitum.*' "

■ In the case at bar appellant's attention in the court below involved questions concerning the legality of his arrest, the identity of the informant, and the failure of the court to make findings on the prior convictions. All of these matters could have been raised on appeal from the judgment of conviction. They are not within the scope of the writ of error *coram nobis.*

Moreover, the delay in filing the motion is completely unexplained. (See *People* v. *Price*, 162 Cal.App.2d 196, 197 [328 P.2d 467]; *People* v. *Stillwell*, 162 Cal.App.2d 175, 177 [328 P.2d 21].)

■ Viewed as a petition for the writ of habeas corpus it is equally clear that the relief here sought is unavailable.

The statute (Pen. Code, § 1506) does not authorize an appeal by a petitioner from an order denying a petition for a writ of habeas corpus. (*People* v. *Lempia, supra,* 144 Cal.App.2d 393, 396; see 24 Cal.Jur.2d 523, § 68.) And considering the instant proceeding as an original petition for a writ of habeas corpus it must be held that the grounds relied upon the issuance of the writ by this court are insufficient. ▮ Since appellant was, and presumably still is, confined in Folsom State Prison he is not within the original habeas corpus jurisdiction of this court. (*People* v. *Beghtel,* 164 Cal.App.2d 294, 298 [330 P.2d 444] ; *People* v. *Lempia, supra,* 144 Cal.App.2d 393, 398; *People* v. *Martinelli,* 118 Cal.App.2d 94, 98 [257 P.2d 37].) ▮ Moreover, it must be held that the grounds here relied upon for issuance of the writ are insufficient. ▮ As stated in *People* v. *Lempia, supra,* 144 Cal.App.2d 393, 398: "It is only where the facts alleged indicate that the accused had no opportunity to present his contentions at the trial, or on appeal, that he may resort to the writ of habeas corpus. Had petitioner herein exhausted his remedy by motion for a new trial or by appeal (there being herein no question of the constitutionality of the statute under which he was convicted), habeas corpus might be available to him. ▮ But where, as here, all the matters set forth by appellant in his petition were known to him at the time of trial and could have been raised on motion for a new trial or on appeal from the judgment, or both, he cannot now resort to a writ of habeas corpus to serve the function of an appeal."

Throughout the proceedings appellant was represented by counsel familiar with the appropriate mode of raising the contentions here advanced. The law has provided procedures which are now well established for the assertion and vindication of such rights as those which appellant now tardily seeks to assert by the means of a nondescript petition which would constitute a novel vehicle of procedure. All rights—constitutional, statutory, or of other derivation, may be waived. Judicial chaos is the only alternative to maintaining the requirement that rights be asserted within the time and in the manner provided by established procedures fully meeting the demands of procedural due process.

Affirmed.

Fox, P. J., and Ashburn, J., concurred.