[Crim. No. 4025.   First Dist., Div. One.   Feb. 9, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. JOSEPH S. VAITONIS, Defendant and Appellant.

Joseph S. Vaitonis, in pro. per., and George C. Martinez, for Defendant and Appellant.

Stanley Mosk, Attorney General, John J. McInerny and Robert B. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

BRAY, P. J.—Appellant in propria persona appeals from the order denying motion to modify judgment.

QUESTIONS PRESENTED

1. Is the order appealable?
2. Were there grounds for granting *coram nobis*?
3. Should this court appoint a referee?

RECORD

In 1954 defendant pleaded guilty to the crime of second degree murder and judgment of conviction was entered. Defendant did not appeal. He was sentenced to prison, where he has been confined ever since. July 31, 1961, he filed in the Marin County Superior Court a motion for modification of the judgment to conviction of manslaughter. The court denied the motion, its order stating "that since the Judgment has been final for many years . . . this motion cannot be entertained at this late date."

1. *Is the Order Appealable? No.*

Defendant contends that it is, as being an "order made after judgment, affecting the substantial rights of the party." (Pen. Code, § 1237, subd. 3.) The State contends that it is not, but that probably the motion was one in the nature of a petition for writ of error *coram nobis* and hence appealable as such. Defendant's alleged grounds for the motion were "(1) The evidence does not sustain the judgment, and (2) The Court erred in failing to give instructions on the legal effect of unconsciousness which is certified by evidence illegally extracted from Defendant's body and entered in the proceedings of the case."

"Where a judgment is not void on its face and has been regularly entered the court has no authority to modify

or set it aside except in the mode provided by law, such as a motion for a new trial or appeal. . . .

"In *People* v. *Brattingham*, 91 Cal.App. 527, 528 [267 P. 120], appellant, as at bar, contended that an appeal from an order denying a motion for modification of judgment was 'authorized by subdivision 3 of section 1237 of the Penal Code, which provides that an appeal may be taken from an order after judgment affecting the substantial rights of defendant. It is also said that the court has inherent power at any time to vacate a void judgment. ▇ Generally this is true, but the rule is well established that an order made after judgment is not appealable where the motion merely asks the court to repeat or overrule the former ruling on the same facts. As said in *De La Montanya* v. *De La Montanya*, 112 Cal. 101 [53 Am.St.Rep. 165, 32 L.R.A. 82, 44 P. 345], this is so because to permit such an appeal "would be virtually allowing two appeals from the same ruling, and would in some cases have the effect of extending the time for appealing, contrary to the intent of the statute." ' " (*People* v. *Cantrell* (1961) 197 Cal.App.2d 40, 43 [16 Cal.Rptr. 905].)

▇ Defendant in nowise explains how his alleged grounds of insufficiency of the evidence and failure of the court to instruct apply as he admits that he pleaded guilty. However, were these matters material (and they are not) they could not be made the basis for a motion to modify or vacate the judgment, for the reason that these grounds could have been considered on an appeal from the judgment. As said in *People* v. *Thomas* (1959) 52 Cal.2d 521, 527 [342 P.2d 889], where the court held that an appeal would not lie from an order made after judgment, where the grounds urged were those which were or could have been raised upon an appeal from the judgment, "The considerations are the same whether the matters sought to be presented by motion to vacate actually were presented to the trial court prior to judgment of conviction, or whether such matters should have been but were not so presented." (P. 527.)

▇ Defendant makes some reference to statements of "witnesses." Apparently he is referring to testimony at the preliminary examination. If the testimony there was insufficient he should have made a motion to dismiss the information under section 995. He cannot raise the question now. (See Pen. Code, § 996; *People* v. *Ingles* (1950) 97 Cal.App.2d 867, 873 [218 P.2d 987]; *People* v. *Leon* (1957) 152 Cal. App.2d 49 [312 P.2d 736].)

## 2. *Coram Nobis.*

█ Treating defendant's motion as a petition for writ of error *coram nobis* (motions to vacate criminal judgments not void on their face are generally considered to be motions for writ of error *coram nobis* (see *People* v. *Gilbert,* 25 Cal.2d 422, 439 [154 P.2d 657]; *People* v. *Odlum* (1949) 91 Cal.App.2d 761, 770 [205 P.2d 1106])) we find that defendant has set forth therein no grounds to justify the issuance of the writ. As we have shown above, defendant has failed to show to what evidence he is referring, and in view of his plea of guilty, whom the court was to instruct concerning unconsciousness.

The Attorney General has graciously and generously pointed out that in his affidavit accompanying his motion defendant has set forth matters additional to those above mentioned. None of them, however, entitle defendant to relief under *coram nobis* or otherwise.

█ 1. Defendant states that he was "tricked and coerced" into pleading guilty. By whom it does not appear, nor are any facts alleged concerning this contention. While we do not have before us the record of his conviction, it appears from his affidavit that he was represented by counsel at arraignment and sentence. In *People* v. *Lempia* (1956) 144 Cal.App.2d 393, 396-397 [301 P.2d 40], the court stated: "Furthermore, appellant's contention that his plea of guilty should be set aside on the basis of mistake, ignorance, inadvertence and overreaching of his free will is unavailing because the record discloses that he was represented by counsel at all stages of the proceedings from arraignment to judgment." His claim of coercion is particularly unavailing here as he does not state who coerced him.

█ 2. Defendant states "that investigating officers . . . [had] his stomach pumped out to ascertain proof that barbituates [*sic*] were consumed" and this warrants reversal of the conviction (although he only asks for a reduction to manslaughter). He claims that at the time of the commission of the offense he was unconscious because of an overdose of barbiturates and "alcohol consumption." Defendant fails to show whether the results of the stomach pumping were used against him in any way in the criminal proceeding. If they were introduced in evidence at the preliminary examination, defendant, by failing to proceed under section 995 or by appeal, cannot raise the matter now. (*People* v. *Ingles, supra,*

97 Cal.App.2d 867; *People* v. *Blalock* (1960) 53 Cal.2d 798, 801 [349 P.2d 953].)

3. Defendant contends that the district attorney "suppressed" evidence that the victim struck the first blow. As defendant pleaded guilty, apparently the district attorney was not called upon to present such evidence. If defendant refers to the preliminary examination, it nowhere appears that such fact would have prevented defendant from being held to answer for the death of deceased.

4. Defendant contends that he "was not mentally present at the proceedings had in court at the time of entering said plea of guilty. He was aware of the happenings at times but at other times maybe a few minutes or a half hour later, he was not, but was in a mental haze." Defendant nowhere shows any attempt to withdraw his plea during a lucid interval. He does not state how long this on-again, off-again condition persisted, if it did, after trial. His petition shows no effort from 1954 until 1961 to obtain any remedy. He has set forth no facts showing diligence in applying for relief.

"It is well settled that a showing of diligence is prerequisite to the availability of relief by motion for *coram nobis*." (*People* v. *Shorts* (1948) 32 Cal.2d 502, 512 [197 P.2d 330].) "One who applies for a writ of *coram nobis* upon a ground such as the one here presented must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ; otherwise he has stated no ground for relief." (*People* v. *Shorts, supra,* at p. 513; *People* v. *Adamson* (1949) 34 Cal.2d 320, 327 [210 P.2d 13].)

The determination of whether or not the applicant for a writ of *coram nobis* has exercised due diligence "lies within a sound exercise of the legal discretion vested in the trial court, and unless an abuse thereof is shown will not be interfered with on appeal." (*People* v. *Tannehill* (1961) 193 Cal.App.2d 701, 706 [14 Cal.Rptr. 615].) There was no abuse of discretion here.

3. *Referee.*

At oral argument appellant was represented by an attorney who requested that this court appoint a referee to determine the validity of defendant's contentions. The attorney did not state upon what legal basis he made such request. Presumably he was asking us to consider this proceeding as

an original petition for a writ of habeas corpus. Assuming it to be such, the petition, for the same reasons that it does not provide a basis for relief in *coram nobis,* does not provide a basis in habeas corpus. Applicable here is the following from *People* v. *Del Campo* (1959) 174 Cal.App.2d 217, 220-221 [344 P.2d 339] : ''Viewed as a petition for the writ of habeas corpus it is equally clear that the relief here sought is unavailable. . . . And considering the instant proceeding as an original petition for a writ of habeas corpus it must be held that the grounds relied upon [for] the issuance of the writ by this court are insufficient. . . . As stated in *People* v. *Lempia, supra,* 144 Cal.App.2d 393, 398 : 'It is only where the facts alleged indicate that the accused had no opportunity to present his contentions at the trial, or on appeal, that he may resort to the writ of habeas corpus. Had petitioner herein exhausted his remedy by motion for a new trial or by appeal (there being herein no question of the constitutionality of the statute under which he was convicted), habeas corpus might be available to him. But where, as here, all the matters set forth by appellant in his petition were known to him at the time of trial and could have been raised on motion for a new trial or on appeal from the judgment, or both, he cannot now resort to a writ of habeas corpus to serve the function of an appeal.'

''Throughout the proceedings appellant was represented by counsel familiar with the appropriate mode of raising the contentions here advanced. The law has provided procedures which are now well established for the assertion and vindication of such rights as those which appellant now tardily seeks to assert by the means of a nondescript petition which would constitute a novel vehicle of procedure.''

It should be pointed out that although no mention thereof is made by defendant in his affidavit herein, he filed in this court on June 28, 1957, a petition for writ of habeas corpus upon all the grounds set forth in his before-mentioned motion for modification of judgment. (Incidentally, in that petition he stated that the pumping of his stomach, set forth in the present proceeding as a ground for modification of the judgment, was for ''medical purposes.'') This court denied his petition on July 1, 1957. Over four years later he attempts to raise the same questions by his motion for modification of judgment. The mere bringing of such proceeding without any effort to follow it up, does not constitute the diligence required by either coram nobis or habeas corpus.

The order denying the motion to modify judgment being

nonappealable, we have treated the motion in the trial court as a petition for writ of error *coram nobis,* and the order denying it, being an appealable order, is affirmed. Treating the record on appeal in this court as an original petition for writ of habeas corpus, such petition is denied.

Tobriner, J., and Sullivan, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 3, 1962.