Filed 3/12/24  P. v. Kramer CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANDREW H. KRAMER,<br><br>    Defendant and Appellant. | 2d Crim. No. B320203<br>(Super. Ct. No. BA435471)<br>(Los Angeles County) |

Andrew H. Kramer pleaded guilty in 2018 to arson, assault, and other charges arising from a dispute with his former business partner and landlord.  He received a negotiated prison term of 33 years and four months in state prison.  The trial court awarded him 974 days of presentence custody credits and an equal number of conduct credits.  Appellant disagreed with the credit award and moved to correct his sentence.  The trial court denied the motion.  We affirmed the denial order on appeal. (*People v. Kramer* (July 27, 2021, B304830) [nonpub. opn.], review denied Oct. 13, 2021, S270688 (*Kramer I*.).)

Since *Kramer I*, appellant has filed many motions, petitions, and related appeals seeking additional credits and other remedies to hasten his release from prison. None has succeeded. In this latest appeal, appellant challenges an order of the trial court denying a "motion to correct sentence and award statutory time credits." We appointed counsel to represent him on appeal. After an examination of the record, counsel filed an opening brief raising no issues and requested we follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Appellant filed a supplemental brief, in propria persona, asserting he received ineffective assistance of counsel at sentencing. He filed a habeas petition raising the same issues while this appeal was pending.

We conclude the trial court lacked jurisdiction to modify appellant's sentence. He is entitled to no presentence credits, of any type, other than those awarded to him at sentencing on July 18, 2018. Reframing his contentions as ineffective assistance of counsel on appeal does not achieve a different result. The order denying his motion, it follows, was not an appealable order. We will dismiss the appeal.

FACTUAL AND PROCEDURAL BACKGROUND

*Plea Agreement and Sentence*

Appellant was arrested in 2013 for series of violent crimes against a former business associate. Federal prosecutors charged him with conspiracy to distribute marijuana in an unrelated case in 2015. He was confined in county jail while the state and federal cases were pending.

Appellant pleaded guilty to the federal drug charges in January of 2016 and received a 16-year sentence. He pleaded guilty to certain state charges, including arson, stalking, and

assault, in July of 2018.[1]  Prosecutors dismissed charges of attempted murder and conspiracy in exchange for his plea. Appellant received a negotiated sentence of 33 years and four months in state prison to be served concurrently with his federal sentence.  The trial court awarded him 1,984 days of credit for time served:  974 days of actual custody credit credits and the same number of conduct credits.  It denied custody credits for the time appellant spent in county jail between his sentencing in the federal and state cases, about two and a half years, citing *In re Rojas* (1979) 23 Cal.3d 152 (*Rojas*).  Appellant moved to recalculate his credits and requested an evidentiary hearing to determine whether denying credits for this period violated the terms of his state plea agreement.  The trial court denied the motion in June of 2020.

*Sentence Affirmed on Direct Appeal*
*and Related Habeas Petition Denied*

Appellant challenged the trial court's application of *Rojas* on direct appeal, contending he was entitled to full presentence credit for his time in county jail between his federal and state sentencings.  We affirmed the ruling in *Kramer I*.  We denied his related petition for writ of habeas corpus.  (*In re Kramer* (July 27, 2021, B306611) [denial order].)

---

[1] Appellant pleaded guilty to two counts of stalking (Pen. Code, § 646.9, subd. (a)), six counts of arson of a structure (*Id*., § 451, subd. (c)), two counts of assault by means likely to produce great bodily injury (*Id*., § 245, subd. (a)(4)), and one count of attempted arson (*Id*., § 455).

3

*June 2020 Motion for Correction of Presentence Credits*
*Denied and Appeal Dismissed*

Appellant again moved to correct his sentence in June of 2020.  He requested additional presentence credits for milestone completion, good conduct, and extraordinary conduct.  The trial court denied his motion.  We dismissed his appeal, noting from the record that appellant had made "at least three prior identical and unsuccessful requests for the correction of presentence custody credits."  We cautioned that "[n]o purpose is served by the repeated efforts to litigate this single issue."  (*People v. Kramer* (Aug. 3, 2020, B306589) [nonpub. opn.].)

*April 2022 "Motion to Correct Sentence and Award*
*Statutory Time Credits" Denied (This Appeal)*

This appeal concerns a trial court order dated April 6, 2022 denying appellant's "motion to correct sentence and award statutory time credits."[2]  A copy of the motion is not contained in the record on appeal.[3]  The minute order is the only record of the proceedings below.  It states:  "Motion to correct sentence and award statutory time credits, filed April 6, 2022, read and considered.  Re:  presentence credits, defendant attempts to

---

[2] The court received a second notice of appeal from the same order and assigned it a separate case number (B320323).  We ordered the appeals consolidated for all purposes on June 29, 2022.

[3] We notified the superior court of this omission on July 21, 2022 and requested to prepare and transmit a supplemental transcript.  (Cal. Rules of Court, rule 8.340(b).)  The clerk of the court filed a supplemental transcript dated November 2, 2022, certifying it could not locate the document in its files.

4

relitigate issues ruled upon by this court and the Court of Appeal (B304830). That matter is final and will not be revisited. Defendant[']s request for education, etc. credits are to be addressed to the California Department of Corrections and Rehabilitation. They are not subject to trial court order as they do not consist of presentence credits. [¶] Motion denied."

*July 2022 Habeas Petition in Trial Court*

In July of 2022, while this appeal was pending, appellant filed a petition for writ of habeas corpus arguing that defense counsel provided ineffective assistance of counsel by failing to object to the trial court's presentence credits award. The trial court denied the petition, finding that appellant was "merely repeating old claims" and seeking the same relief "through a different vehicle." We dismissed his appeal. Our dismissal order stated: "'"[T]he rule is well established that an order made after judgment is not appealable where the motion merely asks the court to repeat or overrule the former ruling on the same facts."'" (*People v. Vaitonis* (1962) 200 Cal.App.2d 156, 159.) Kramer sought the same relief for additional presentence credits in 2019 on two occasions, which was denied by the superior court. The orders denying additional presentence credits were affirmed in *People v. Kramer* (July 27, 2021, B304830) [nonpub. opn.]. The August 9, 2022 order denying the petition for presentence credits is therefore not an appealable order." (*People v. Kramer* (Nov. 7, 2022, B323516) [nonpub. opn.], review denied Jan. 25, 2023, S277816.) We denied appellant's petition for rehearing.

*January 2023 Habeas Petition in Court of Appeal*

Appellant filed a habeas petition in this court in January of 2023. Like his July 2022 trial court petition, he framed his grievances as ineffective assistance of counsel rather than plea

agreement violations or legal error. He filed a supplement brief in propria persona that is identical in substance to the one he filed here. We deferred ruling on the petition pending disposition of this appeal. (*In re Kramer,* B325979.) We deny the petition effective this date by separate order. (Cal. Rules of Court, rule 8.387(b)(2)(B).)

## DISCUSSION

Appellant is not entitled to our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738, because he appeals an order denying postconviction relief rather than his underlying criminal conviction. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 221-222, 230; see *People v. Kelly* (2006) 40 Cal.4th 106, 119 [independent judicial review mandated by *Anders* applies only to first appeal as of right]; *People v. Serrano* (2012) 211 Cal.App.4th 496, 503.) He is nevertheless entitled to our consideration of the contentions raised in his supplemental brief. (See *Delgadillo*, at p. 232; *Serrano*, at p. 503.)

Appellant identifies four ways his defense counsel provided ineffective assistance in connection with the 2018 guilty plea and sentence. We address these in the order raised.

He first contends counsel "failed to provide competent representation during his sentencing by failing to object to the sentencing court's misapplication of state law and precedent when it denied the [a]ppellant full-time credit for the time he spent in pre-trial custody and properly argue for the [a]ppellant to receive full time credit for all of the time that the [a]ppellant spent in pre-trial custody." Even if a valid objection existed at the time, appellant cannot demonstrate prejudice. (See *In re Vargas* (2000) 83 Cal.App.4th 1125, 1132 [defendant asserting

6

ineffective assistance "'"must show that counsel's performance was deficient"'" and that "'"the deficient performance prejudiced the defense"'"'].) Counsel's purported "failure" did not result in waiver. Appellant challenged the trial court's application of *Rojas* on direct appeal in *Kramer I*. We affirmed the ruling on the merits. He now attempts to circumvent *Kramer I* with a new legal theory based on Penal Code section 2900.5, subdivision (b), which states: "For the purposes of this section, credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted. Credit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed." Appellant argues that we "misquoted" subdivision (b) by quoting only the first sentence. He interprets the second sentence as entitling him to the additional credits he seeks. From here, he faults his defense counsel for failing to press this point during sentencing. We disagree. The argument is creative but wrong. We reject it now and would have rejected it in *Kramer I*.

Second, he contends counsel "failed to properly argue at sentencing that . . . [a]ppellant was entitled to work and education credits that he had earned in pre-trial detention." This fails for the same reason as the first. Appellant is not entitled to these credits. The trial court resolved this question in June of 2020. We dismissed the appeal from that order in August of 2020 and now repeat our admonition that "[n]o purpose is served by the repeated efforts to litigate this single issue." (*People v. Kramer*, *supra*, B306589)

Third, appellant contends counsel performed deficiently by "failing to inform [him] that pleading to his two different crimes

7

at different times would result in uncredited 'dead time.'" We will not second guess the strategic considerations that informed defense counsel's advice to accept the plea bargains. Nor will we speculate whether appellant could have reduced his "dead time" by timing his plea bargains differently yet still achieved the same negotiated terms—which included the dismissal of several counts of attempted murder.

Fourth and last, he contends counsel "was ineffective in advising [him] to plead guilty to crimes that he did not commit, failing to request additional discovery from the government." Appellant argues prosecutors could not have proven four of the charges to which he pleaded guilty. He uses information gleaned from law enforcement records, fire department reports, and *even the victim's bankruptcy petition* to scrutinize the wisdom of defense counsel's advice to enter a plea agreement on the state charges. Identifying evidentiary anomalies and factual disputes in such records does not and will not entitle appellant to unwind his plea agreement, wholesale or piecemeal.

As noted above, appellant's supplemental brief is identical in form and substance to the habeas petition he filed while this appeal was pending. We cannot discern from the record, however, whether appellant based the denied "motion to correct" on these arguments. The April 6 minute order states only that he "attempt[ed] to relitigate issues" raised in prior filings and sought additional credits "for education, etc." Nor can we discern any other basis for the trial court to modify the final judgment of conviction by way of a motion to "correct" appellant's sentence. As such, the order denying the motion could not, and does not, affect his substantial rights. It is not appealable. (Pen. Code,

§ 1237, subd. (b); *People v. Hodges* (2023) 92 Cal.App.5th 186, 190.)

DISPOSITION

The appeal is dismissed.

<u>NOT TO BE PUBLISHED.</u>

CODY, J.

We concur:


YEGAN, Acting P. J.


BALTODANO, J.

9

Ronald S. Coen, Judge
Superior Court County of Los Angeles

_____


Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.