Filed 9/9/24  P. v. Arocha CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B332948 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A989460) |
| v. | |
| RUDY AROCHA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Ray G. Jurado, Judge.  Dismissed.

Verna Wefald, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

In 1989, defendant and appellant Rudy Arocha (defendant) was convicted by guilty plea of second degree murder and robbery. During the plea colloquy, defendant (and his attorney) accepted this statement by the prosecutor as the factual basis for defendant's plea: "It is our understanding in this case that you [i.e., defendant] robbed an individual named . . . Sergio Quintero, and during the course of that robbery you accidentally shot a co-suspect, a person with whom you were committing that robbery, a friend named Andrew Rodriguez." Defendant was sentenced to 15 years to life in prison for the murder and a concurrent three year term for the robbery.

In 2019, defendant filed a Penal Code section 1170.95 (now section 1172.6) petition for resentencing on the 1989 murder conviction.[1] The trial court denied that petition. We affirmed the denial in a January 2021 opinion, reasoning defendant was the murder victim's actual killer and was accordingly ineligible for relief as a matter of law. Our Supreme Court denied review.

In January 2022, defendant filed another section 1172.6 petition seeking resentencing on his 1989 murder conviction. The trial court denied that petition because it raised the same issue as the earlier petition that it denied—a denial this court had affirmed on appeal. Defendant noticed an appeal from that denial order and the Administrative Presiding Justice of this court dismissed the appeal because ""an order made after judgment is not appealable where the motion merely asks the court to repeat or overrule the former ruling on the same facts."" (*People v. Vaitonis* (1962) 200 Cal.App.2d 156, 159.)"

---

[1]     Undesignated statutory references that follow are to the Penal Code.

Defendant tried again in 2023. In April of that year, he filed in the trial court a motion for rehearing or reconsideration of the denial of his section 1172.6 petition. The trial court denied that motion, finding it was meritless "[e]ven assuming that the court has jurisdiction to consider defendant's motion for reconsideration."

Defendant noticed an appeal from that ruling, and that is the appeal before this court now. Defendant was appointed counsel in this court, and counsel filed a brief stating there were no arguable issues but asking this court to process the appeal in accordance with the procedures outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216. Defendant was thereafter permitted to personally file a supplemental brief and his submission, insofar as it is intelligible, again contests the denial of section 1172.6 relief.

We do not discuss the contentions in defendant's supplemental brief, which duplicate prior contentions raised and rejected or refer to immaterial asserted changes in the law, because we have no jurisdiction to entertain this appeal taken from an order that does not affect defendant's substantial rights. (*People v. Thomas* (1959) 52 Cal.2d 521, 527; *People v. Vaitonis* (1962) 200 Cal.App.2d 156, 159.)

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, Acting P. J.

We concur:

MOOR, J.

KIM, J.

4